**Darrel HULSHOUSER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–97–049–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 5, 1998.

Discretionary Review Refused
May 13, 1998.

---

**6.** These indictments are Nos. 688972, 688967, 688966, 688964, 688963, 689227, 689226 and 689225.

Minor & Jester, Tom D. Jester, Jr., Denton, for Appellant.

Bruce Izaacks, District Attorney, Kathleen Walsh, Asst. District Attorney, Denton, for State.

Before CAYCE, C.J., and RICHARDS and BRIGHAM, JJ.

## OPINION

BRIGHAM, Justice.

Darrel Hulshouser was found guilty of sexual assault of a child according to a plea of guilty. The court assessed punishment at 50 years' confinement in the Institutional Division of the Texas Department of Criminal Justice. He asserts by this appeal that he did not receive a punishment hearing prior to sentencing. We dismiss for lack of jurisdiction.

### Background

Appellant was indicted on charges of aggravated sexual assault of a three-year-old child by causing the child's sexual organ to contact Appellant's mouth on or about July 3, 1990. He pleaded guilty pursuant to an agreement with the State. After receiving deferred adjudication originally according to the agreement and again upon the first violation of his probation, Appellant again violated his probation and was adjudicated guilty according to his original plea on October 9, 1996.

### Lack of Jurisdiction

The State urges that we must dismiss the appeal because Appellant's notice of appeal does not comport with former rule 40(b)(1) of the Texas Rules of Appellate Procedure. TEX.R.APP. P. 40(b)(1), 49 Tex. B.J. 566 (Tex. Crim.App.1986, revised 1997). We agree.

██ Rule 25.2 of the appellate rules now applies. TEX.R.APP. P. 25.2(b)(3). Both the old and new rules limit a defendant's right to appeal from a guilty plea. The right to appeal a criminal conviction is a substantive right solely governed by the Legislature. *See Lyon v. State,* 872 S.W.2d 732, 734 (Tex. Crim.App.), *cert. denied,* 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); *Lemmons v. State,* 818 S.W.2d 58, 62 (Tex.Crim. App.1991).

A defendant with the benefit of a plea bargain is barred from appealing nonjurisdictional errors unless he states in his notice of appeal that he has permission from the trial court to appeal the issue, or the issue was raised by written motion and ruled on before trial. *See* TEX.R.APP. P. 25.2(b)(3); *Brown v. State,* 943 S.W.2d 35, 41 (Tex.Crim. App.1997) (interpreting rule 40(b)(1)); *Lyon,* 872 S.W.2d at 735 (interpreting rule 40(b)(1)). A defendant who receives deferred adjudication as a result of a plea bargain is required to comply with rule 25.2 to complain about his punishment hearing on appeal. *See Williams v. State,* No. 02–97–469–CR, slip op. at 2, 1997 WL 778285, at *1 (Tex.App.— Fort Worth December 18, 1997, pet. filed); *see also Brown,* 943 S.W.2d at 41; *Watson v. State,* 924 S.W.2d 711, 714 (Tex.Crim.App. 1996). Failure to comply with the notice requirements of the rules deprives this court of jurisdiction. *See Davis v. State,* 870 S.W.2d 43, 46–47 (Tex.Crim.App.1994); *Lyon,* 872 S.W.2d at 735.

Appellant's general notice of appeal states neither his complaint nor that he obtained the trial court's permission to appeal the complaint. Thus, his notice of appeal confers no jurisdiction on us to hear this appeal.

### *Conclusion*

Because Appellant filed only a general notice of appeal, we dismiss the appeal for lack of jurisdiction.