**Glen Reed SCOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–98–00161–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 1, 1999.

Danny K. Easterling, Easterling & Easterling, P.C., Houston, for Appellant.

Calvin Hartmann, Asst. Dist. Atty., Houston, John B. Holmes, Dist. Atty. of Harris County, Houston, for State.

Panel consists of Justices MIRABAL, TAFT, and NUCHIA.

## OPINION

MARGARET GARNER MIRABAL, Justice.

Appellant, Glen Reed Scott, pled guilty to aggravated assault with an agreed recommendation that adjudication of guilt would be deferred while Scott was on probation for six years and would pay a $500 fine. The trial judge entered an order in conformity with the plea agreement. A little over a year later, the State filed a Motion to Adjudicate Guilt, alleging Scott violated numerous conditions of his deferred adjudication community supervision.

The trial court adjudicated Scott guilty of aggravated assault and sentenced Scott to 16 years confinement. The trial court also entered a finding that he committed the aggravated assault with a deadly weapon.

Scott timely filed a general notice of appeal. Later, but also timely, Scott filed a second notice of appeal in which he stated, "Defendant wishes to inform this court that he is appealing the court's judgeement [sic] in this case as to his sixteen (16) years sentence, which occurred after his plea of true to the State's Motion To Adjudicate Guilt, but without an agreed recommendation."

Scott's court appointed counsel filed an *Anders*[1] brief, stating his conclusion that the appeal is frivolous and so advised Scott by letter sent to him accompanying the brief. In the letter, Scott's counsel also advised him of his right to file a *pro se* response to the *Anders* brief. The district clerk's office sent the record to Scott on March 17, 1999. Scott has not filed a *pro se* response.

---

1. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

### Discussion

If an appeal is from a judgment rendered on the defendant's plea of guilty under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must: (a) specify that the appeal is for a jurisdictional defect, (b) specify that the substance of the appeal was raised by written motion and ruled on before trial, or (c) state the trial court granted permission to appeal. TEX. R. APP. P. 25.2(b)(3). Neither of Scott's notices of appeal meet these requirements.

Scott's second notice of appeal states that he is appealing the trial court's sentence, "which occurred after his plea of true to the State's Motion to Adjudicate Guilt, but without an agreed recommendation." In the second notice of appeal, Scott may have been trying to lay the groundwork to argue that he had an unrestricted right to appeal because the punishment exceeded the plea agreement. However, the court of criminal appeals has held that when a prosecutor recommends deferred adjudication in exchange for a defendant's plea of guilty, the trial judge does not exceed that recommendation if, upon proceeding to an adjudication of guilt, he later assesses any punishment within the range allowed by law, and therefore dismissal of an appeal for want of jurisdiction in such a case is required if Rule 25.2(b)(3) is not complied with. *Watson v. State*, 924 S.W.2d 711, 714–15 (Tex. Crim.App.1996). In the present case, the court's assessment of 16 years imprisonment is within the range of punishment for aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN., §§ 22.02(a)(2)(establishing aggravated assault with a deadly weapon as a second degree felony); 12.33(a) (setting a punishment range of two to 20 years confinement for a second degree felony) (Vernon 1994). Consequently, to appeal, Scott would have had to comply with TEX. R. APP. P. 25.2(b)(3). Having not done so, this Court is without jurisdiction to consider his appeal. *Watson*, 924 S.W.2d at 714–15.

We dismiss the appeal for want of jurisdiction.