**Patrick Dion BRUCE, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–98–305–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 2, 1999.

Joseph F. Zellmer, Denton, for appellant.

Bruce Isaacks, Criminal Dist. Atty., Kathleen Walsh, Pamela J. Moore, Lisa Decker, Cary Piel, Asst. Dist. Attys., Denton, Matthew Paul, State Prosecuting Atty., Austin, for appellee.

Panel F: DAUPHINOT, RICHARDS, and BRIGHAM, JJ.

### OPINION

WILLIAM BRIGHAM, Justice.

Patrick Dion Bruce appeals from the trial court's revocation of his deferred adjudication community supervision. We dismiss the appeal for want of jurisdiction.

Pursuant to a plea-bargain agreement, appellant pleaded guilty to the offense of aggravated robbery. On July 1, 1996, the trial court placed appellant on deferred adjudication community supervision for ten years. On March 27, 1998, the State filed a motion to proceed to an adjudication of guilt, alleging appellant had violated the terms of his community supervision. After a hearing, the court adjudicated appellant guilty of aggravated robbery and assessed punishment at sixteen years' confinement. Appellant filed a general notice of appeal.

The right to appeal from a negotiated plea is limited by the rules of appellate procedure. *See Watson v. State,* 924 S.W.2d 711, 714 (Tex.Crim.App.1996). The plain language of rule 25.2(b)(3) states that to invoke this court's jurisdiction over an appeal from a negotiated guilty plea, a notice of appeal must expressly specify that the appeal is for a jurisdictional defect, specify that the substance of the appeal was raised in writing and ruled on before trial, or state that the trial court granted permission to appeal. TEX.R.APP. P. 25.2(b)(3); *see Hulshouser v. State,* 967 S.W.2d 866, 868 (Tex.App.—Fort Worth 1998, pet. ref'd, untimely filed); *Williams v. State,* 962 S.W.2d 703, 704–05 (Tex. App.—Fort Worth 1998, no pet.) (op. on PDR). Here, appellant's general notice of appeal does not comply with these notice requirements.

The dissent urges that we "sort out the various rulings made by the trial court in the course of the deferred adjudication proceeding to determine those that the legislature has provided a right to appeal." *Bruce v. State,* 8 S.W.3d 700, 702 (Tex. App.—Fort Worth 1999, no pet. h.) (Dauphinot, J. dissenting). However, this proposition requires that we ignore the plain language of the rule directly applicable to appellant's appeal. As a court, we are not at liberty to do so.

Courts must take statutes as they find them. More than that, they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving full effect to all of its terms. But they must find its intent in its language, and not elsewhere. They are not the law-making body. They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written law. It must be an interpretation which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain.

*Simmons v. Arnim,* 110 Tex. 309, 220 S.W. 66, 70 (Tex.1920).

Likewise, the dissent asserts that 25.2(b)(3) is inapplicable to events occurring after the trial court's adjudication of guilt. However, this court and other appellate courts have routinely held otherwise. *See Hulshouser,* 967 S.W.2d at 868 (appellant's claim that he did not receive a punishment hearing after adjudication of guilt dismissed for non-compliance with 25.2(b)(3)); *Niles v. State,* 931 S.W.2d 714, 715 (Tex.App.—Fort Worth 1996, no pet.) (appellant's claim that his punishment was excessive dismissed for non-compliance with 25.2(b)(3)); *accord Vidaurri v. State,* 981 S.W.2d 478, 479–80 (Tex.App.—Amarillo 1998, pet. granted) (appellant's complaint that trial court erred in failing to hold separate punishment hearing after adjudication of guilt dismissed for failure to comply with 25.2(b)(3)); *Rigsby v. State,* 976 S.W.2d 368, 369 (Tex.App.—Beaumont 1998, no pet.) (appellant's complaint that trial court failed to hold separate punishment hearing dismissed for failure to comply with 25.2(b)(3)).

Because we are without jurisdiction to consider appellant's appeal, we dismiss for want of jurisdiction. *See* TEX.R.APP. P. 43.2(f).

DAUPHINOT, J. filed a dissenting opinion.

DAUPHINOT, Justice, dissenting.

I respectfully dissent to the majority's dismissing this appeal for want of jurisdiction.

It is unclear whether the court of criminal appeals interprets rule 25.2(b)(3) of the rules of appellate procedure [1] as restricting article 42.12, section 5(b) of the code of criminal procedure.[2] This court has held that article 42.12, section 5(b) is indeed so restricted.[3]

Article 42.12, section 5(b) provides that, although a defendant may not appeal from the trial court's determination to adjudicate guilt, "[a]fter an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred." [4] The court of criminal appeals has held that we, as an appellate court, must sort out the various rulings made by the trial court in the course of the deferred adjudication proceeding to determine those that the legislature has provided a right to appeal.[5] The *Olowosuko* court also noted that article 42.12, section 5(b) expressly allows an appeal of all proceedings *after* adjudication of guilt on the original charge.[6]

Because deferred adjudication community supervision is now considered a punishment,[7] appeal of matters raised in pretrial motions and challenges to jurisdiction must be brought within thirty days of the trial court's deferring adjudication in order to be timely.[8] To interpret rule 25.2(b)(3) as applying to contested punishment proceedings after adjudication of guilt would create a conflict, not only with article 42.12, section 5(b), but also with case law requiring appeal immediately after the trial court defers adjudication.[9] We must interpret a statute according to the plain meaning of its language, unless the language is ambiguous or the plain meaning leads to an absurd result.[10] This court's holding that only matters raised by pretrial motion and jurisdictional challenges may be raised after adjudication of guilt, if there is no permission to appeal, contradicts the plain language of article 42.12, section 5(b) and creates an absurd result.

It is clear that the court of criminal appeals has held that the plea bargain is complete upon the trial court's granting of deferred adjudication community supervi-

1. Tex. R.App. P. 25.2(b)(3) (providing that if appeal is from judgment rendered on plea of guilty or nolo contendere and punishment assessed did not exceed punishment recommended by prosecutor and agreed to by defendant, notice of appeal must specify that appeal is for jurisdictional defect, that substance of appeal was raised by written motion and ruled on before trial, or that the trial court granted permission to appeal).

2. Tex.Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.2000).

3. *See, e.g., Hulshouser v. State*, 967 S.W.2d 866, 868 (Tex.App.—Fort Worth 1998, pet. ref'd, untimely filed) (holding that defendant who receives deferred adjudication as result of plea bargain is required to comply with rule 25.2(b)(3) to complain on appeal about punishment hearing).

4. Tex.Code Crim. Proc. Ann. art. 42.12, § 5(b).

5. *See Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex.Crim.App.1992).

6. *Id.* at 942.

7. *See Ditto v. State*, 988 S.W.2d 236, 238 (Tex.Crim.App.1999).

8. *See* Tex.R.App. P. 26.2(a)(1) (providing that notice of appeal must be filed within 30 days after the day sentence is imposed or suspended or after the day the trial court enters an appealable order).

9. *See, e.g., Kirby v. State*, 883 S.W.2d 669, 671–72 (Tex.Crim.App.1994); *Dillehey v. State*, 815 S.W.2d 623, 625–26 (Tex.Crim.App. 1991) (noting that legislature clearly spelled out that it intended for defendants placed on deferred adjudication probation to be allowed to immediately appeal rulings on pretrial motions).

10. *See Sanchez v. State*, 995 S.W.2d 677, 683 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 120 S.Ct. 531, 145 L.Ed.2d 411 (1999).

sion.[11] The subsequent hearing on the State's motion to proceed to adjudication of guilt, the punishment hearing after adjudication of guilt, and the resultant sentence are not part of the original plea bargain. It therefore would appear that unless there is a second plea bargain, under which a defendant pleads true to violating the terms and conditions of the community supervision in exchange for an agreed-upon sentence, a defendant may appeal all proceedings occurring *after* the adjudication of guilt without meeting the special notice-of-appeal requirements of rule 25.2(b)(3).

Indeed, the court of criminal appeals has addressed the merits of complaints of errors in the punishment hearing after the adjudication of guilt without indicating that the appellant complied with rule 25.2(b)(3).[12] Additionally, the court of criminal appeals recently has expressed disapproval of situations in which an appellate court dismissed an appeal from a revocation of deferred adjudication community supervision because the appellant had filed only a general notice of appeal. In *Sankey v. State*, the court held that when an appellant complains on appeal that his appellate record is lost, he is not required to comply with the notice-of-appeal requirements of former rule of appellate procedure 40(b)(1), the predecessor of rule 25.2(b)(3), before the court of appeals will address the claim.[13]

In *Rodriquez v. State*, the appellant pled nolo contendere, was placed on deferred adjudication community supervision, and was subsequently adjudicated guilty.[14] The appellant appealed from the adjudication proceeding, claiming that the State failed to use due diligence in apprehending him.[15] The court of appeals dismissed the appeal for lack of jurisdiction because of the appellant's general notice of appeal.[16] The court of criminal appeals disagreed with the reasoning of the court of appeals but agreed with its ultimate holding that it lacked jurisdiction because of the holding in *Connolly v. State*.[17]

In *Connolly*, the court of criminal appeals held that article 42.12, section 5(b) does not permit an appellant to challenge on appeal the sufficiency of the evidence to support the trial court's finding of due diligence in the adjudication of guilt process.[18] The *Rodriquez* court did not dismiss the appeal pursuant to former rule 40(b)(1), the predecessor of rule 25.2(b)(3). Rather, it sorted out the various rulings the trial court had made in the course of the deferred adjudication proceeding and subsequently determined that the legislature had not provided a right to appeal the finding of due diligence in the adjudication of guilt process. The court of criminal appeals affirmed the dismissal for want of jurisdiction because article 42.12, section 5(b) does not provide for such an appeal, not because the appellant's general notice of appeal did not vest the court of appeals with jurisdiction.

Additionally, it is important to note that rule 25.2(b)(3) applies to a "plea of guilty or nolo contendere."[19] In a proceeding to revoke community supervision, however, the defendant pleads "true" or "not true." The Dallas Court of Appeals has held that the restrictions of former rule 40(b)(1), the predecessor of rule 25.2(b)(3), therefore cannot apply to a community supervision

11. *See Ditto*, 988 S.W.2d at 238.

12. *See, e.g., Pearson v. State*, 994 S.W.2d 176 (Tex.Crim.App.1999); *Ditto*, 988 S.W.2d at 236.

13. *Sankey v. State*, 3 S.W.3d 43 (Tex.Crim. App.1999).

14. *Rodriquez v. State*, 992 S.W.2d 483, 484 (Tex.Crim.App.1999).

15. *Id.*

16. *Id.*

17. *Id.; Connolly v. State*, 983 S.W.2d 738 (Tex.Crim.App.1999).

18. *Connolly*, 983 S.W.2d at 741.

19. Tex.R.App. P. 25.2(b)(3).

revocation, regardless of the existence of a second plea bargain agreement at the revocation stage.[20] Although *Rojas* involved a revocation of straight community supervision, the same reasoning seems to be applicable to a revocation of deferred adjudication community supervision.

I believe this court should not automatically dismiss this appeal for want of jurisdiction, but rather we should, as the court of criminal appeals does, sort out the various rulings made by the trial court in the course of a deferred adjudication proceeding to determine those that the legislature has provided a right to appeal under article 42.12, section 5(b). For these reasons, I respectfully dissent to the majority's dismissing this appeal for want of jurisdiction.

---

20. *See Rojas v. State,* 943 S.W.2d 507, 509 (Tex.App.—Dallas 1997, no pet.).