TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00680-CR







Johnny Manuel Lopez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF GALVESTON COUNTY, 212TH JUDICIAL DISTRICT


NO. 97CR1910, HONORABLE SUSAN E. CRISS, JUDGE PRESIDING







 Appellant Johnny Manuel Lopez, a juvenile, was certified as an adult for trial in
the district court. An indictment for capital murder was returned and appellant then entered into
a plea bargain agreement with the State. In exchange for appellant's testimony against two adult
co-defendants, the State agreed to allow appellant to enter a guilty plea to the offense of murder
with punishment of imprisonment for forty years.

 After he testified against the adults, appellant was sentenced to imprisonment for
forty years in agreement with his plea bargain. On the day he was sentenced, appellant gave a
general notice of appeal. The State has filed a motion requesting dismissal of the appeal because
appellant's general notice of appeal fails to confer jurisdiction on this Court.

 Appellant's appeal is from a judgment rendered on his guilty plea, and the
punishment assessed by the trial court does not exceed the punishment recommended by the State
and agreed to by appellant. Appellant does not contend that his plea was involuntary. The notice
of appeal is general; it does not specify that the appeal is for a jurisdictional defect; it does not
specify that the substance of the appeal was raised by written motion and ruled on before trial; and
it does not state that the trial court granted permission to appeal. Therefore, the notice of appeal
is not sufficient to confer appellate jurisdiction on this Court. See Tex. R. App. P. 25.2(b)(3); (1)
Hernandez v. State, 986 S.W.2d 817, 819 (Tex. App.--Austin 1999, pet. ref'd); Scott v. State, 995
S.W.2d 325, 326 (Tex. App.--Houston [1st Dist.] 1999, no pet.); Trollinger v. State, 987 S.W.2d
166, 167 (Tex. App.--Dallas 1999, no pet.); Hulshouser v. State, 967 S.W.2d 866, 867-68 (Tex.
App.--Fort Worth 1998, pet. ref'd untimely filed).

 The Rules of Appellate Procedure provide:


(d) Amending the Notice. An amended notice of appeal correcting a defect or
omission in an earlier filed notice may be filed in the appellate court at any
time before the appellant's brief is filed. The amended notice is subject to
being struck for cause on the motion of any party affected by the amended
notice. After the appellant's brief is filed, the notice may be amended only
on leave of the appellate court and on such terms as the court may prescribe.

Tex. R. App. Proc. 25.2(d). Appellant did not amend his general notice of appeal before he filed
his appellate brief. Pursuant to Rule 25.2(d), appellant has filed a motion in this Court to amend
his notice of appeal. However, the Court of Criminal Appeals has recently decided that Rule
25.2(d) does not allow an appellate court to permit amendment of a notice of appeal to correct
jurisdictional defects. See State v. Riewe, 13 S.W.3d 408, 413 (Tex. Crim. App. 2000); Casas
v. State, No. 10-00-234-CR, slip op. at 2 (Tex. App.--Waco July 19, 2000, no pet. h.).

 The notice of appeal cannot now be amended. We deny appellant's motion to
amend his notice of appeal and dismiss the appeal for lack of jurisdiction.



 


 Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justice B. A. Smith and Dally*

Dismissed for Lack of Jurisdiction

Filed: August 10, 2000

Do Not Publish






* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Rule 25.2(b)(3) provides:


But if the appeal is from a judgment rendered on the defendant's plea of guilty
or nolo contendere under Code of Criminal Procedure article l.15, and the
punishment assessed did not exceed the punishment recommended by the
prosecutor and agreed to by the defendant, the notice must:


(A) specify that the appeal is for a jurisdictional defect;


(B) specify that the substance of the appeal was raised by written motion and
ruled on before trial; or


(C) state that the trial court granted permission to appeal.



n. On the day he was sentenced, appellant gave a
general notice of appeal. The State has filed a motion requesting dismissal of the appeal because
appellant's general notice of appeal fails to confer jurisdiction on this Court.

 Appellant's appeal is from a judgment rendered on his guilty plea, and the
punishment assessed by the trial court does not exceed the punishment recommended by the State
and agreed to by appellant. Appellant does not contend that his plea was involuntary. The notice
of appeal is general; it does not specify that the appeal is for a jurisdictional defect; it does not
specify that the substance of the appeal was raised by written motion and ruled on before trial; and
it does not state that the trial court granted permission to appeal. Therefore, the notice of appeal
is not sufficient to confer appellate jurisdiction on this Court. See Tex. R. App. P. 25.2(b)(3); (1)
Hernandez v. State, 986 S.W.2d 817, 819 (Tex. App.--Austin 1999, pet. ref'd); Scott v. State, 995
S.W.2d 325, 326 (Tex. App.--Houston [1st Dist.] 1999, no pet.); Trollinger v. State, 987 S.W.2d
166, 167 (Tex. App.--Dallas 1999, no pet.); Hulshouser v. State, 967 S.W.2d 866, 867-68 (Tex.
App.--Fort Worth 1998, pet. ref'd untimely filed).

 The Rules of Appellate Procedure provide:


(d) Amending the Notice. An amended notice of appeal correcting a defect or
omission in an earlier filed notice may be filed in the appellate court at any
time before the appellant's brief is filed. The amended notice is subject to
being struck for cause on the motion of any party affected by the amended
notice. After the appellant's brief is filed, the notice may be amended only
on leave of the appellate court and on such terms as the court may prescribe.

Tex. R. App. Proc. 25.2(d). Appellant did not amend his general notice of appeal before he filed
his appellate brief. Pursuant to Rule 25.2(d), appellant has filed a motion in this Court to amend
his notice of appeal. However, the Court of Criminal Appeals has recently decided that Rule
25.2(d) does not allow an appellate court to permit amendment of a notice of appeal to correct
jurisdictional defects. See State v. Riewe, 13 S.W.3d 408, 413 (Tex. Crim. App. 2000); Casas
v. State, No. 10-00-234-CR, slip op. at 2 (Tex. App.--Waco July 19, 2000, no pet. h.).

 The notice of appeal cannot now be amended. We deny appellant's motion to
amend his notice of appeal a