Alonzo SALDAÑA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–99–00614–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 23, 2000.

Eduardo Jaime, Laredo, for Appellant.

**490**

Francisco Javier Montemayor, Asst. Dist. Atty., Laredo, for Appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: SARAH B. DUNCAN, Justice.

Alonzo Saldaña pled no contest to possession of a controlled substance and, pursuant to a plea bargain, the trial court sentenced him to two years and a one thousand dollar fine, suspended the sentence, and placed Saldaña under community supervision for two years. In his sole issue, Saldaña argues the trial court erred in denying his written pretrial motion to suppress evidence. We dismiss the appeal for lack of Jurisdiction.

The trial court suspended Saldaña's sentence on July 16, 1999, and no motion for new trial was filed. Saldaña's notice of appeal was due August 16, 1999. *See* Tex. R.App. P. 26.2(a)(1). Saldaña timely filed a general notice of appeal on August 9, 1999. On August 18, 1999, Saldaña filed an amended notice of appeal, stating he was appealing the trial court's denial of his written pretrial motion to suppress.[1] Saldaña did not file a motion for extension of time to file the amended notice. *See id.* 26.3.

■ When a defendant appeals from a judgment based on a plea-bargain, the notice of appeal must: "(A) specify that the appeal is for a jurisdictional defect; (B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (C) state that the trial court granted permission to appeal." *Id.* 25.2(b)(3). A general notice of appeal does not confer jurisdiction on a court of appeals to review a ruling on a pretrial suppression motion when the conviction is based on a negotiated plea bargain. *See Davis v. State,* 870 S.W.2d 43, 46 (Tex.

Crim.App.1994). Although Rule 25.2(d) would appear to allow amendment of the notice of appeal until appellant's brief is filed, the Texas Court of Criminal Appeals has held "any amendments made pursuant to Rule 25.2(d) cannot be jurisdictional amendments." *State v. Riewe,* 13 S.W.3d 408, 413 (Tex.Crim.App.2000). Saldaña's general notice of appeal did not confer jurisdiction on this court to review the trial court's denial of the motion to suppress. *See Davis,* 870 S.W.2d at 46. Because his amended notice of appeal was filed after the deadline for perfecting an appeal, we have no choice but to dismiss the appeal for lack of jurisdiction. *See Riewe,* 13 S.W.3d at 413–14.

---

1. The amended notice is dated August 17, 1999.