NUMBER 13-99-048-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


JOSE ANGEL DOMINGUEZ VALDEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 139th District Court of Hidalgo County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Hinojosa


 Pursuant to a plea bargain agreement, appellant, Jose Angel
Dominguez Valdez,(1) pleaded guilty to the offense of unlawfully carrying
a weapon on a licensed premises.(2) The trial court found him guilty and
assessed his punishment at five years imprisonment and a $500.00
fine. However, the sentence was suspended, and appellant was placed
on community supervision for five years. By two points of error,
appellant contends: (1) the evidence was legally and factually
insufficient, and (2) section 46.02 of the Texas Penal Code is
unconstitutional due to vagueness and lack of notice. We dismiss this
appeal for want of jurisdiction.

 On August 20, 1996, appellant and two other men were found by
a police officer in an improperly parked vehicle near the rear door of A's
Food Store. The store owner had called the police and reported that
there was a suspicious vehicle behind the store. The owner feared that
the store was being staked out for a crime, as there had been a history
of theft at the store. Upon asking for identification, the officer noticed
a loaded handgun magazine in the glove box. Appellant and the two
passengers were asked to step out of the vehicle, and the officer noticed
the butt of a handgun underneath the front passenger seat. All three
men denied knowledge of the handgun. Appellant claimed ownership
of the vehicle and was arrested for unlawfully carrying a handgun on a
licensed premises.

 The right to appeal from an agreed plea of guilty is restricted by
rule 25.2(b)(3) of the Texas Rules of Appellate Procedure. This rule
requires that in an appeal from a plea-bargained conviction where the
punishment assessed did not exceed the punishment recommended by
the prosecutor, the notice of appeal must specify that: (1) the appeal is
for a jurisdictional defect, (2) the substance of the appeal was raised by
written motion and ruled on before the trial, or (3) the trial court granted
permission to appeal. See Tex. R. App. P. 25.2 (b)(3); see Bruce v. State,
8 S.W.3d 700, 701 (Tex. App.--Fort Worth 1999, no pet.); see
Hulshouser v. State, S.W.2d 866, 867-68 (Tex. App.--Fort Worth 1998,
pet. ref'd). 

 Appellant pleaded guilty to the offense of unlawfully carrying a
weapon on licensed premises pursuant to a plea bargain agreement. 
Appellant's punishment did not exceed the recommendation of the
prosecutor. Appellant's general notice of appeal does not specify any
jurisdictional defect; there is no issue raised by written pre-trial motion;
and the trial court did not give permission to appeal. Therefore,
appellant's notice of appeal confers no jurisdiction on this Court to hear
this appeal.

 We conclude we are without jurisdiction to consider this appeal. 
Accordingly, we dismiss this appeal for want of jurisdiction. 


 FEDERICO G. HINOJOSA

 Justice


Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

31st day of August, 2000.


1. Appellee, Jose Angel Dominguez Valdez, is also known as Julio Banderas
Guadarama.
2. Tex. Pen. Code Ann. § 46.02 (Vernon 1994).