TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-00-00194-CR







Ronnie Darrell Whitt, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR98-342, HONORABLE GARY L. STEEL, JUDGE PRESIDING







 Appellant Ronnie Darrell Whitt entered a plea of guilty and was convicted of the
offense of sexual assault. See Tex. Penal Code Ann. § 22.011 (West Supp. 2001). Pursuant to
a plea bargain agreement, the trial court assessed appellant's punishment at imprisonment for five
years. Because we lack jurisdiction of the appeal, the appeal will be dismissed.

 Appellant waived a jury trial and entered a guilty plea. The punishment assessed
by the trial court does not exceed the punishment recommended by the State and agreed to by
appellant. Appellant gave general notice of appeal. (1) The notice of appeal does not specify that
the appeal is for a jurisdictional defect; it does not specify that the substance of the appeal was
raised by written motion and ruled on before trial; and it does not state that the trial court granted
permission to appeal. Therefore, the notice of appeal is not sufficient to confer jurisdiction on
this Court. See Tex. R. App. 25.2(b)(3); (2) Scott v. State, 995 S.W.2d 325, 326 (Tex.
App.-Houston [1st Dist.] 1999, no pet.); Trollinger v. State, 987 S.W.2d 166, 167 (Tex.
App.-Dallas 1999, no pet.); Hulshouser v. State, 967 S.W.2d 866, 867 (Tex. App.-Fort Worth
1998, pet. ref'd).

 Although in one of his points of error appellant claims his plea was involuntary,
"Rule 25.2(b) does not permit the voluntariness of a plea to be raised on appeal." Cooper v.
State, No. 1100-99, slip op. at 12 (Tex. Crim. App. April 4, 2001).

 Moreover, rule 25.1(d) does not allow an appellate court to permit amendment of
the notice of appeal to correct jurisdictional defects. Tex. R. App. P. 25.1(d); see also State v.
Riewe, 13 S.W.3d 408, 413 (Tex. Crim. App. 2000); Saldana v. State, 30 S.W.3d 489, 490 (Tex.
App.-San Antonio 2000, no pet.).

 Because appellant entered into a plea bargain agreement that was honored, his
general notice of appeal fails to confer appellate jurisdiction on this Court.

 The appeal is dismissed.



 

 Carl E. F. Dally, Justice

Before Justices Yeakel, Patterson and Dally

Dismissed

Filed: April 19, 2001

Publish




* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. NOTICE OF APPEAL


 TO THE HONORABLE JUDGE OF SAID COURT:


 Now comes RONNIE DARRELL WHITT, defendant in the above styled and numbered
cause, on this the 14th day of February 2000, and within 30 days of sentence having been
pronounced against him and files this written notice of appeal of said conviction to the Court of
Appeals, Third Supreme Judicial District, Austin, Texas.


 WHEREFORE, PREMISES CONSIDERED, Defendant prays this notice of appeal be
entered of record this date.
2. Rule 25.2(b)(3) provides:


 (b) Form and Sufficiency of Notice.


 * * * * * 


 (3) But if the appeal is from a judgment rendered on the defendant's plea of guilty
or nolo contendere under Code of Criminal Procedure article 1.15, and the
punishment assessed did not exceed the punishment recommended by the
prosecutor and agreed to by the defendant, the notice must:


 (A) specify that the appeal is for a jurisdictional defect;


 (B) specify that the substance of the appeal was raised by written motion and
ruled on before trial; or 


 (C) state that the trial court granted permission to appeal.


Tex. R. App. P. 25.2(b)(3).



="font-family: CG Times"> Appellant waived a jury trial and entered a guilty plea. The punishment assessed
by the trial court does not exceed the punishment recommended by the State and agreed to by
appellant. Appellant gave general notice of appeal. (1) The notice of appeal does not specify that
the appeal is for a jurisdictional defect; it does not specify that the substance of the appeal was
raised by written motion and ruled on before trial; and it does not state that the trial court granted
permission to appeal. Therefore, the notice of appeal is not sufficient to confer jurisdiction on
this Court. See Tex. R. App. 25.2(b)(3); (2) Scott v. State, 995 S.W.2d 325, 326 (Tex.
App.-Houston [1st Dist.] 1999, no pet.); Trollinger v. State, 987 S.W.2d 166, 167 (Tex.
App.-Dallas 1999, no pet.); Hulshouser v. State, 967 S.W.2d 866, 867 (Tex. App.-Fort Worth
1998, pet. ref'd).

 Although in one of his points of error appellant claims his plea was involuntary,
"Rule 25.2(b) does not permit the voluntariness of a plea to be raised on appeal." Cooper v.
State, No. 1100-99, slip op. at 12 (Tex. Crim. App. April 4, 2001).

 Moreover, rule 25.1(d) does not allow an appellate court to permit amendment of
the notice of appeal to correct jurisdictional defects. Tex. R. App. P. 25.1(d); see also State v.
Riewe, 13 S.W.3d 408, 413 (Tex. Crim. App. 2000); Saldana v. State, 30 S.W.3d 489, 490 (Tex.
App.-San Antonio 2000, no pet.).

 Because appellant entered into a plea bargain agreement that was honored, his
general notice of appeal fails to confer appellate jurisdiction on this Court.

 The appeal is dismissed.



 

 Carl E. F. Dally, Justice

Before Justices Yeakel, Patterson and Dally

Dismissed

Filed: April 19, 2001

Publish




* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. NOTICE OF APPEAL