# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===============
## NO. 03-00-00194-CR
===============


**Ronnie Darrell Whitt, Appellant**

**v.**

**The State of Texas, Appellee**


================================================================
### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR98-342, HONORABLE GARY L. STEEL, JUDGE PRESIDING
================================================================


Appellant Ronnie Darrell Whitt entered a plea of guilty and was convicted of the offense of sexual assault. *See* Tex. Penal Code Ann. § 22.011 (West Supp. 2001). Pursuant to a plea bargain agreement, the trial court assessed appellant's punishment at imprisonment for five years. Because we lack jurisdiction of the appeal, the appeal will be dismissed.

Appellant waived a jury trial and entered a guilty plea. The punishment assessed by the trial court does not exceed the punishment recommended by the State and agreed to by appellant. Appellant gave general notice of appeal.[1] The notice of appeal does not specify that

---

[1] NOTICE OF APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes RONNIE DARRELL WHITT, defendant in the above styled and numbered cause, on this the 14th day of February 2000, and within 30 days of sentence having been pronounced against him and files this written notice of appeal of said conviction to the Court of Appeals, Third Supreme Judicial District, Austin, Texas.

the appeal is for a jurisdictional defect; it does not specify that the substance of the appeal was raised by written motion and ruled on before trial; and it does not state that the trial court granted permission to appeal. Therefore, the notice of appeal is not sufficient to confer jurisdiction on this Court. *See* Tex. R. App. 25.2(b)(3);[2] *Scott v. State*, 995 S.W.2d 325, 326 (Tex. App.–Houston [1st Dist.] 1999, no pet.); *Trollinger v. State*, 987 S.W.2d 166, 167 (Tex. App.–Dallas 1999, no pet.); *Hulshouser v. State*, 967 S.W.2d 866, 867 (Tex. App.–Fort Worth 1998, pet. ref'd).

WHEREFORE, PREMISES CONSIDERED, Defendant prays this notice of appeal be entered of record this date.

[2] Rule 25.2(b)(3) provides:

(b) *Form and Sufficiency of Notice.*

\* \* \* \* \*

(3) But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

Tex. R. App. P. 25.2(b)(3).

2

Although in one of his points of error appellant claims his plea was involuntary, "Rule 25.2(b) does not permit the voluntariness of a plea to be raised on appeal." *Cooper v. State*, No. 1100-99, slip op. at 12 (Tex. Crim. App. April 4, 2001).

Moreover, rule 25.1(d) does not allow an appellate court to permit amendment of the notice of appeal to correct jurisdictional defects. Tex. R. App. P. 25.1(d); *see also State v. Riewe*, 13 S.W.3d 408, 413 (Tex. Crim. App. 2000); *Saldana v. State*, 30 S.W.3d 489, 490 (Tex. App.–San Antonio 2000, no pet.).

Because appellant entered into a plea bargain agreement that was honored, his general notice of appeal fails to confer appellate jurisdiction on this Court.

The appeal is dismissed.

_____

Carl E. F. Dally, Justice

Before Justices Yeakel, Patterson and Dally

Dismissed

Filed:  April 19, 2001

Publish

---

\*  Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).