# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00696-CR

**Jose Calistro, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT NO. 0003947, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

Appellant Jose Calistro pleaded guilty to assaulting a family member after having previously been convicted of an offense against a family member. *See* Tex. Pen. Code Ann. § 22.01(a)(1), (b)(2) (West Supp. 2001). The district court assessed punishment at imprisonment for two years, as called for in a plea bargain agreement.

When a defendant pleads guilty to a felony and the punishment assessed does not exceed that recommended by the prosecutor and agreed to by the defendant, his right to appeal is limited to jurisdictional defects, matters raised by written motion and ruled on before trial, or matters for which the trial court granted permission to appeal. *See* Tex. R. App. P. 25.2(b)(3); *see also Cooper v. State*, 45 S.W.3d 77, 79 (Tex. Crim. App. 2001) (rule 25.2(b) limits every appeal in a plea bargain, felony case). In his notice of appeal, Calistro stated that this appeal was for a jurisdictional defect. Tex. R. App. P. 25.2(b)(3)(A). However, neither of his two points of error – that the evidence is legally insufficient to sustain the conviction and that he did not receive effective assistance

of counsel – is a jurisdictional defect. *Lyon v. State*, 872 S.W.2d 732, 736 (Tex. Crim. App. 1994). We therefore do not have jurisdiction of the appeal. *See Whitt v. State*, 45 S.W.3d 274, 275 (Tex. App.—Austin 2001, no pet.).

The appeal is dismissed.

_____

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Dismissed for Want of Jurisdiction

Filed:   November 15, 2001

Do Not Publish