TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00392-CR







Samuel Joseph Berry, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 51,696, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







 Appellant Samuel Joseph Berry was indicted for aggravated sexual assault and
indecency with a child by contact. See Tex. Pen. Code Ann. §§ 21.11(a)(1), 22.021(a)(1)(B)(i),
(2)(B) (West Supp. 2001). (1) Pursuant to a plea bargain, the State abandoned the first count and
appellant pleaded guilty to indecency with a child. The court assessed punishment at imprisonment
for eight years and a $1500 fine. Appellant contends the court erred by reviewing the victim impact
statement before imposing sentence. The State urges that we do not have jurisdiction to consider
this contention. We conclude that we do have jurisdiction and that no error is presented. We will
affirm the judgment of conviction.

Jurisdiction

 The State argues that appellant's general notice of appeal does not invoke this Court's
jurisdiction under the terms of Texas Rule of Appellate Procedure 25.2(b)(3). Under this rule, a
defendant who pleads guilty to a felony has a limited right to appeal if "the punishment assessed
did not exceed the punishment recommended by the prosecutor and agreed to by the defendant." 
Tex. R. App. P. 25.2(b)(3). If the notice of appeal in such a case does not state that the appeal falls
within one of three permitted categories, it does not invoke the appellate court's jurisdiction. Whitt
v. State, 45 S.W.3d 274, 275 (Tex. App.--Austin 2001, no pet.); see also Cooper v. State, 45 S.W.3d
77, 79 (Tex. Crim. App. 2001) (rule 25.2(b) limits every appeal in plea bargain, felony case).

 The State argues that rule 25.2(b)(3) applies to this appeal because, by abandoning
the first degree felony count and permitting appellant to plead guilty to a second degree felony, the
State effectively agreed to limit appellant's punishment to imprisonment for twenty years. The State
relies on this Court's opinion in Delatorre v. State, in which we held that rule 25.2(b)(3) applies not
only when the State agrees to recommend a specific number of years, but also when the agreement
calls for a recommended punishment "cap" below which the trial court may exercise its discretion
in assessing punishment. Delatorre v. State, 957 S.W.2d 145, 148-49 (Tex. App.--Austin 1997,
pet. ref'd). (2) We believe, however, that the plea agreement in this cause is not analogous to the
agreement in Delatorre. 

 Rule 25.2(b)(3) applies only when "the punishment assessed did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant." In other words, it
applies only when there is an agreed punishment recommendation. In Delatorre, the defendant
pleaded guilty to manslaughter in exchange for the State's promise to recommend that he be
sentenced to no more than eleven years' imprisonment for that offense. Id. at 147. In the instant
cause, on the other hand, the plea was "open" insofar as appellant's punishment for indecency with
a child was concerned. That is, the agreement did not call for a punishment recommendation by the
State, and the only "cap" was the maximum punishment prescribed by statute. While the State's
agreement to abandon the first degree felony count had punishment implications, it did not constitute
a punishment recommendation within the contemplation of rule 25.2(b)(3). 

 The plea agreement in this cause is more akin to those in Jack v. State and Eaglin v.
State, in which the State agreed to dismiss other pending charges in exchange for the defendant's
open guilty plea in a remaining case. Jack v. State, 871 S.W.2d 741, 742 (Tex. Crim. App. 1994);
Eaglin v. State, 843 S.W.2d 153, 154 (Tex. App.--Houston [14th Dist.] 1992, pet. ref'd). In each
of these cases, the plea agreement was held not to limit the defendant's right to appeal. Jack, 871
S.W.2d at 744; Eaglin, 843 S.W.2d at 154; see also Shankle v. State, 59 S.W.3d 756 (Tex.
App.--Austin 2001, pet. granted) (agreement to allow trial court to take other unadjudicated
offenses into consideration in assessing punishment did not invoke rule 25.2(b)(3)). Appellant's
general notice of appeal was sufficient to invoke our jurisdiction.


Victim impact statement

 Appellant contends the district court prematurely considered the victim impact
statement before pronouncing him guilty. The relevant statue provides that the "court may not
inspect a victim impact statement until after a finding of guilt or until deferred adjudication is
ordered and the contents of the statement may not be disclosed to any person until after a finding of
guilt unless: (1) the defendant pleads guilty or nolo contendere." Tex. Code Crim. Proc. Ann. art.
56.03(f)(1) (West Supp. 2001). Because appellant pleaded guilty, the statute does not appear to have
been violated. See Watson v. State, 974 S.W.2d 763, 765 (Tex. App.--San Antonio 1998, pet.
ref'd). In any event, appellant did not object and was, in fact, the party who first drew the court's
attention to the victim impact statement at the sentencing hearing. See Tex. R. App. P. 33.1(a)(1). 
No error is presented.

 The judgment of conviction is affirmed.



 __________________________________________

 David Puryear, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: November 29, 2001

Publish

1. Although the parties agree that the first count purported to allege an aggravated sexual assault,
the State concedes that the conduct alleged - contact of the complainant's sexual organ by
appellant's hand - does not violate section 22.021. For the purposes of this opinion, we will assume,
as do the parties, that count one alleged a first degree felony and count two alleged a second degree
felony.
2. Delatorre construed former appellate rule 40(b)(1), the relevant portion of which was
substantially identical to present rule 25.2(b)(3).