NUMBER 13-00-448-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI





 NOAH PAUL MEZA , Appellant, 


v.


THE STATE OF TEXAS , Appellee.



On appeal from the 156th District Court

of Bee County, Texas.




O P I N I O N

Before Justices Dorsey, Yañez, and Rodriguez

Opinion by Justice Dorsey


Pursuant to a plea-bargain agreement appellant, Noah Paul Meza, pleaded guilty to delivery of a controlled substance
(cocaine) in a drug-free zone. The trial court followed the plea bargain and sentenced him to eight years in prison, plus a
$3,000 fine.

Appellant filed a motion for new trial, claiming that defense counsel failed to (1) contact any witnesses, (2) investigate the
facts and circumstances surrounding the alleged offense, (3) investigate any defenses which he might have raised at trial
regarding the alleged incident, and (4) fully explain the plea bargain and its ramifications to him. As a result of these
deficiencies, appellant alleged he was denied effective assistance of counsel, and therefore, did not enter his plea freely and
voluntarily. After an evidentiary hearing the trial court denied the motion.

Appellant raises two issues for our consideration, arguing that his plea was involuntary due to ineffective assistance of
counsel and that the trial court abused its discretion in denying his motion for new trial. (1) We dismiss the appeal for want
of jurisdiction.

Analysis


During the plea hearing the State told the trial court that the plea bargain was eight years in prison, a $3,000 fine, and $705
restitution. Appellant and his counsel indicated to the trial court that this was their understanding of the plea agreement.
The trial court admitted the written plea agreement into evidence. This document stated that appellant will enter a plea of
guilty, stipulate to the facts of the offense alleged in the indictment, and waive his right to a jury trial. The plea agreement
spelled out the aforementioned prison sentence, fine, and restitution. Appellant, defense counsel, and the State's attorney
signed the plea agreement. 

Under Texas Rule of Appellate Procedure 25.2(b)(3) a defendant who pleads guilty to a felony has a limited right to appeal
if "the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the
defendant." Tex. R. App. P. 25.2(b)(3). If the notice of appeal in such a case does not state that the appeal falls within one
of three permitted categories it does not invoke the appellate court's jurisdiction. Whitt v. State, 45 S.W.3d 274, 275 (Tex.
App.- Austin 2001, no pet.); see also Cooper v. State, 45 S.W.3d 77, 79 (Tex. Crim. App. 2001) (rule 25.2(b) limits every
appeal in plea bargain, felony case). Rule 25.2(b)(3) requires that a notice of appeal must specify that (1) the appeal is for a
jurisdictional defect, (2) the substance of the appeal was raised by written motion and ruled on before trial, or (3) state that
the trial court granted permission to appeal. See Tex. R. App. P. 25.2(b)(3).

Here the punishment assessed did not exceed the punishment recommended by the State and agreed to by appellant. 
Therefore appellant had to comply with the requirements of Rule 25.2(b)(3). The record reflects that the trial court did not
grant appellant permission to appeal. Moreover, appellant's notice of appeal did not specify that his appeal was for
jurisdictional defects or that it was from a ruling on a pre-trial motion. See Tex. R. App. P. 25.2(b)(3). Claims of
ineffective assistance of counsel and involuntariness of the plea were not raised by written motion prior to trial, and these
claims do not specify jurisdictional defects. The Texas Court of Criminal Appeals has ruled that claims of ineffective
assistance of counsel are non-jurisdictional. Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim. App. 1994) (citing Fairfield v.
State, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981)). In addition a recent opinion by the Texas Court of Criminal Appeals
overturned previous caselaw which had allowed defendants to raise challenges based on the voluntariness of the plea
notwithstanding the requirements of Rule 25.2(b)(3). Cooper v. State, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001).

Appellant therefore has not complied with the provisions of Rule 25.2(b)(3). Because his general notice of appeal is
insufficient to confer jurisdiction on this Court we are without jurisdiction to consider this appeal.

We dismiss this appeal for want of jurisdiction.

______________________________

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 31st day of January, 2002.

1. The State did not file a brief in this case.