NUMBER 13-01-086-CR
& 13-01-087-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 

 

ERNEST
RAY REESE,                                                             Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 

 

 

 

                       On appeal from the Criminal District Court 

of Jefferson County, Texas.

 

 

O P I
N I O N

 

Before
Justices Dorsey, Hinojosa, and Rodriguez

Opinion
by Justice Dorsey

 








Pursuant to separate
plea-bargain agreements appellant, Ernest Ray Reese, pleaded guilty to burglary
of a habitation (Cause No. 13-01-086-CR) and nolo
contendere to robbery, enhanced by one previous
felony conviction (Cause No. 13-01-087-CR). 
The trial court sentenced him to twenty years in prison for the burglary
offense and twenty-five years in prison for the robbery offense.  Appellant=s counsel has filed an Anders[1]
brief for each case.  Appellant has filed
a pro se brief, arguing that he received ineffective assistance of
counsel and, as a result, his plea was involuntary.  We dismiss the appeals for want of
jurisdiction.

                                                   Jurisdiction

The State argues that this
Court lacks jurisdiction to address the merits of these appeals because
appellant failed to comply with Rule 25.2(b)(3) of the
Texas Rules of Appellate Procedure.  When
a defendant pleads guilty to a felony and the punishment assessed does not
exceed that recommended by the prosecutor and agreed to by the defendant the
notice of appeal must state that the appeal is for a jurisdictional defect, or
that the substance of the appeal was raised by written motion and ruled on
before trial, or that the trial court granted permission to appeal.  Tex.
R. App. P. 25.2(b)(3).  See Cooper v. State, 45 S.W.3d 77, 79
(Tex. Crim. App. 2001) (Rule 25.2(b) limits appeal in
every plea bargain, felony case).








Here the plea-bargain
agreement for the robbery offense provided that appellant=s punishment would not
exceed a cap of twenty-five years in prison. 
The plea-bargain agreement for the burglary of a habitation offense
provided that appellant=s punishment would not
exceed a cap of twenty years in prison. 
Accordingly the punishments assessed did not exceed the punishments
recommended by the prosecutor and agreed to by appellant.  Thus the notices of appeal must state that
the appeal is for a jurisdictional defect, or that the substance of the appeal
was raised by written motion and ruled on before trial, or that the trial court
granted permission to appeal. 
Appellant's notices of appeal do not comply with this rule and,
therefore, fail to confer jurisdiction on this Court.  Whitt v. State, 45
S.W.3d 274, 275 (Tex. App.‑‑Austin 2001, no pet.).  Further the court of criminal appeals has
ruled that claims of ineffective assistance of counsel are
non-jurisdictional.  Lyon v. State,
872 S.W.2d 732, 736 (Tex. Crim. App. 1994) (citing Fairfield
v. State, 610 S.W.2d 771, 779 (Tex. Crim. App.
1981)).

The appeals are
dismissed for want of jurisdiction.

 

______________________________

J. BONNER DORSEY,

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion
delivered and filed

this 6th day of June, 2002.

 











[1]See
Anders v. California, 386 U.S. 738, 744 (1967).