NUMBER 13-00-756-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

EFRAIN
BELTRAN GARZA,                                                     Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 



 

                        On appeal from the 370th District Court

                                  of Hidalgo County, Texas.

 

 



                                   O P I N I O N

 

                     Before Justices Dorsey, Hinojosa,
Rodriguez

                                  Opinion by Justice Dorsey

 








Pursuant to a
plea-bargain agreement appellant, Efrain Garza, pleaded guilty to murder.  The trial court followed the plea bargain and
sentenced him to twenty-five years in prison. 
By two points of error he complains of ineffective assistance of counsel
and that he was denied due process and due course of law.  We dismiss the appeal for want of
jurisdiction.

                                                   Jurisdiction

Because this case
arises from a plea-bargain agreement the first question that confronts us is
whether we have jurisdiction to review the claims before us.  Yarbrough v. State, 57 S.W.3d 611, 615
(Tex. App.BTexarkana 2001, pet.
ref=d) (appellate court
has the obligation to determine its own jurisdiction).  When a defendant pleads guilty to a felony,
and the punishment assessed does not exceed that recommended by the prosecutor
and agreed to by the defendant, the notice of appeal must state that the appeal
is for a jurisdictional defect, or that the substance of the appeal was raised
by written motion and ruled on before trial, or that the trial court granted
permission to appeal.  Tex. R. App. P. 25.2(b)(3).  See Cooper
v. State, 45 S.W.3d 77, 79 (Tex. Crim. App. 2001)
(Rule 25.2(b) limits appeal in every plea bargain, felony case).








 Here the plea-bargain agreement provided that
in exchange for appellant=s guilty plea to
murder the State agreed not to request more than thirty years in prison.  Appellant received twenty-five years in
prison.  Thus the punishment assessed did
not exceed the punishment recommended by the prosecutor and agreed to by
appellant.  Accordingly the notice of
appeal must state that the appeal is for a jurisdictional defect, or that the
substance of the appeal was raised by written motion and ruled on before trial,
or that the trial court granted permission to appeal.  Appellant's notice  of appeal did not comply with this
rule and, therefore, fails to confer jurisdiction on this Court.  Whitt v. State, 45
S.W.3d 274, 275 (Tex. App.‑‑Austin 2001, no pet.).  The court of criminal appeals has ruled that
claims of ineffective assistance of counsel are non-jurisdictional.  Lyon v. State, 872 S.W.2d 732, 736
(Tex. Crim. App. 1994) (citing Fairfield v. State,
610 S.W.2d 771, 779 (Tex. Crim. App. 1981)).  Further Rule 25.2(b) does not permit the
defendant to raise on appeal voluntariness
of the plea.  Cooper, 45 S.W.3d at 83.

The appeal is
dismissed for want of jurisdiction.

 

______________________________

J. BONNER DORSEY,

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion
delivered and filed

this 6th day of June, 2002.