# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00685-CR

**Vernon Paul Love, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
## NO. 2010287, HONORABLE FRANK W. BRYAN, JR., JUDGE PRESIDING

After his pretrial motion to suppress evidence was overruled, appellant Vernon Paul Love pleaded guilty to possessing less than one gram of cocaine. *See* Tex. Health & Safety Code Ann. ' 481.115 (West Supp. 2002). The district court adjudged appellant guilty and, pursuant to a plea bargain agreement, sentenced him to one year in state jail. Appellant now contends the court erred by overruling his motion to suppress. In a motion to dismiss, the State argues that appellant failed to perfect his appeal.

A defendant who pleads guilty or no contest does not by so doing forfeit the right to appeal a claim of error in the overruling of a motion to suppress. *Young v. State*, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000). If, however, a defendant pleads guilty or no contest to a felony and the punishment assessed does not exceed that agreed to in a plea bargain, the motion to suppress must have been in writing and ruled on before trial (unless the defendant obtains the trial court=s permission to appeal). *Id*. at 667 (citing Tex. R. App. P. 25.2(b)(3)); *see Cooper v. State*, 45 S.W.3d 77, 79 (Tex. Crim. App. 2001). In

addition, the notice of appeal in such a case must state that the substance of the appeal was raised by written motion and ruled on before trial (or that the trial court granted permission to appeal). Tex. R. App. P. 25.2(b)(3). A notice of appeal that does not comply with rule 25.2(b)(3) does not confer jurisdiction on the appellate court. *Whitt v. State*, 45 S.W.3d 274, 275 (Tex. App.CAustin 2001, no pet.). After the time for perfecting an appeal has expired, this defect cannot be cured by amending the notice. *State v. Riewe*, 13 S.W.3d 408, 412-14 (Tex. Crim. App. 2000).

Although the substance of appellant=s appeal was raised by written motion and ruled on before trial, the notice of appeal does not say this. Instead, it states that appellant Aplead guilty, while reserving his right to appeal.@ This statement accurately describes the plea agreement detailed for the court at the time appellant entered his plea, which did not require appellant to waive his right to appeal. *See Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000) (promise to waive appeal as part of plea bargain is binding if court follows agreed punishment recommendation). But while appellant was careful to preserve his substantive right to appeal the overruling of his motion to suppress, he tripped over the extra procedural hurdle that rule 25.2(b)(3) erects to perfect that right. Because appellant=s notice of appeal does not contain the necessary recital, we grant the State=s motion to dismiss the appeal for want of jurisdiction.[1]

---

[1] It is likely that appellant can reinstate his right to appeal by filing a post-conviction application for habeas corpus complaining of his attorney=s failure to comply with rule 25.2(b)(3). *See* Tex. Code Crim. Proc. Ann. art. 11.07, ' 3 (West Supp. 2002).

The appeal is dismissed.

_____

David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Dismissed for Want of Jurisdiction

Filed:   June 13, 2002

Do Not Publish