NUMBER 13-01-429-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

RAUL
LOPEZ HERNANDEZ,                                                    Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 



 

                        On appeal from the 138th District Court

                                 of Cameron County, Texas.

 

 



                                   O P I N I O N

 

                  Before Justices Dorsey, Hinojosa, and
Rodriguez

                                  Opinion by Justice Dorsey

 








Pursuant to a plea-bargain
agreement appellant, Raul Lopez Hernandez, pleaded guilty to delivery of a
controlled substance.  The trial court
followed the plea bargain and sentenced him to eighteen months in a state jail
facility.  Appellant=s counsel has filed an
Anders[1]
brief, stating that the appeal is frivolous and without merit.  We dismiss the appeal for want of
jurisdiction.

                                                   Jurisdiction

Because this case
arises from a plea-bargain agreement the first question that confronts us is
whether we have jurisdiction to review the claims before us.  Yarbrough v. State, 57 S.W.3d 611, 615
(Tex. App.BTexarkana 2001, pet.
ref=d) (appellate court
has the obligation to determine its own jurisdiction).  When a defendant pleads guilty to a felony,
and the punishment assessed does not exceed that recommended by the prosecutor
and agreed to by the defendant, the notice of appeal must state that the appeal
is for a jurisdictional defect, or that the substance of the appeal was raised
by written motion and ruled on before trial, or that the trial court granted
permission to appeal.  Tex. R. App. P. 25.2(b)(3).  See Cooper
v. State, 45 S.W.3d 77, 79 (Tex. Crim. App. 2001) (Rule 25.2(b) limits
appeal in every plea bargain, felony case).








 Here the plea-bargain agreement provided that
in exchange for appellant=s guilty plea the
State would recommend eighteen months in a state jail facility and that this
sentence would run concurrent with Cause No. 97-CR-1355-B.[2]  The trial court followed the plea bargain;
thus, the punishment assessed did not exceed the punishment recommended by the
prosecutor and agreed to by appellant. 
Accordingly the notice of appeal must state that the appeal is for a
jurisdictional defect, or that the substance of the appeal was raised by
written motion and ruled on before trial, or that the trial court granted
permission to appeal.  Appellant's notice
of appeal did not comply with this rule and, therefore, fails to confer
jurisdiction on this Court.  Whitt v. State, 45 S.W.3d 274, 275 (Tex. App.B
Austin 2001, no pet.).       

The appeal is
DISMISSED for want of jurisdiction.

 

 

______________________________

J. BONNER DORSEY,

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion
delivered and filed

this 20th day of June, 2002.

 











[1]See Anders v.
California, 386 U.S. 738, 744 (1967).





[2]Cause No. 97-CR-1355-B
was a motion to revoke community supervision in which appellant was sentenced
to eighteen months in a state jail facility.