Schmidt v. SOT




 





NUMBER 13-01-00396-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


JEREMY SCHMIDT, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 197th District Court of Cameron County, Texas.


 


O P I N I O N



Before Chief Justice Valdez and Justices Hinojosa and Rodriguez


Opinion by Justice Hinojosa



 Pursuant to a plea agreement, appellant, Jeremy Schmidt, pleaded guilty to the
offense of capital murder. (1) The trial court found appellant guilty and, in accordance with
the plea agreement, assessed his punishment at life imprisonment. This appeal ensued. 
In three issues, appellant contends that: (1) statements used against him were the result
of an illegal arrest, (2) his trial counsel's failure to successfully challenge such statements
amounted to ineffective assistance of counsel, and (3) the trial court's failure to enter
findings as to the voluntariness of his confession warrants a new trial. We dismiss this
appeal for want of jurisdiction.

 Because this case arises from a plea agreement, the first question that confronts
us is whether we have jurisdiction to review the claims before us. Yarbrough v. State, 57
S.W.3d 611, 615 (Tex. App.-Texarkana 2001, pet. ref'd). To invoke an appellate court's
jurisdiction, the appellant must give timely and proper notice of appeal. White v. State, 61
S.W.3d 424, 428 (Tex. Crim. App. 2001). If an appellate court's jurisdiction is not properly
invoked, the court's power to act is "as absent as if it did not exist." Id. Accordingly,
dismissal of an issue, or the entire matter, is appropriate if the form of the notice of appeal
is improper. Id.

 When a defendant pleads guilty or nolo contendere, and the punishment assessed
does not exceed that recommended by the prosecutor and agreed to by the defendant, the
notice of appeal must state that the appeal is for a jurisdictional defect, or that the
substance of the appeal was raised by a written motion and ruled on before trial, or that
the trial court granted him permission to appeal. Tex. R. App. P. 25.2(b)(3); Woods v.
State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002); Cooper v. State, 45 S.W.3d 77, 79
(Tex. Crim. App. 2001). Furthermore, the court of criminal appeals has held that claims
of ineffective assistance of counsel are non-jurisdictional. Lyon v. State, 872 S.W.2d 732,
736 (Tex. Crim. App. 1994) (citing Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App.
1981)). 

 In this case, the plea agreement provided that in exchange for appellant's plea of
guilty to the offense of capital murder, the State would request life imprisonment. The trial
court assessed appellant's punishment at life imprisonment. Therefore, the punishment
assessed did not exceed the punishment recommended by the prosecutor and agreed to
by appellant.

 Appellant filed a general notice of appeal; he did not allege any of the additional
notice requirements of rule 25.2(b)(3). We conclude the failure of appellant to follow Rule
25.2(b)(3) deprives this Court of jurisdiction over this appeal. Woods, 68 S.W.3d at 669;
Whitt v. State, 45 S.W.3d 274, 275 (Tex. App.-Austin 2001, no pet.). 

 This appeal is dismissed for want of jurisdiction.


 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

25th day of July, 2002.
1. See Tex. Pen. Code Ann. § 19.03 (Vernon 1994). Appellant was indicted for capital murder for
intentionally causing the death of Aurora Tamez during the course of committing or attempting to commit the
offense of burglary of a habitation.