# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00588-CR
## NO. 03-02-00589-CR

**Cathy Lynn Gilstrap, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NOS. 02-528-K368 & 02-529-K368, HONORABLE BURT CARNES, JUDGE PRESIDING**

Appellant Cathy Lynn Gilstrap pleaded guilty to indictments accusing her of theft. The district court adjudged her guilty in both causes. In number 02-528-K368, the court assessed punishment at incarceration in a state jail for eighteen months. In number 02-529-K368, the court assessed punishment at imprisonment for ten years, probated, to begin when sentence in the other cause is completed. In both causes, the punishment assessed was agreed to by appellant in a plea bargain agreement. Appellant filed general notices of appeal.

As part of her plea bargains, appellant promised not to appeal. This promise is binding when, as here, the court follows the agreed punishment recommendation. *Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000). Furthermore, appellant=s general notice of appeal does not comply with Texas Rule of Appellate Procedure 25.2(b)(3) and thus does not invoke this Court=s jurisdiction. *Whitt v.*

*State*, 45 S.W.3d 274, 275 (Tex. App.CAustin 2001, no pet.); *see Cooper v. State*, 45 S.W.3d 77, 79 (Tex. Crim. App. 2001) (rule 25.2(b) limits every appeal in a plea bargain, felony case).

The State=s motions to dismiss are granted and the appeals are dismissed for want of jurisdiction. Counsel=s motions to withdraw are dismissed.


Lee Yeakel, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Dismissed for Want of Jurisdiction

Filed: October 24, 2002

Do Not Publish