In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00177-CR


______________________________




HEMIR FRUTIZ, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 209th Judicial District Court


Harris County, Texas


Trial Court No. 902984




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Hemir Frutiz was convicted in the 209th Judicial District Court of Harris County, Texas, of
the offense of possession of cocaine, between four and 200 grams. Pursuant to a written plea
bargaining agreement which was followed by the court, Frutiz pleaded guilty to a second-degree
felony. Frutiz was sentenced to three years' imprisonment, as provided by the plea bargaining
agreement. He was represented by retained counsel at trial. 

 Frutiz filed a pro se Notice of Appeal, which states only that he wishes to appeal from his
conviction. The Notice of Appeal does not contain the statements that Tex. R. App. P. 25.2(b)(3)
requires in order to vest jurisdiction in this court over an appeal from a conviction pursuant to a plea
bargaining agreement which was followed by the court. 

 When an appellant fails to comply with the extra-notice requirements of Rule 25.2(b), the
courts of appeals lack jurisdiction to consider the appeal, even for voluntariness issues. Cooper v.
State, 45 S.W.3d 77, 78 (Tex. Crim. App. 2001). The Notice of Appeal in this case does not specify
that the appeal is for a jurisdictional defect, it does not specify that the substance of the appeal was
raised by written motion and ruled on before trial, and it does not state that the trial court granted
permission to appeal. It is merely a general notice of appeal, and it is therefore insufficient to confer
jurisdiction on this court. See Tex. R. App. P. 25.2(b)(3); Johnson v. State, Nos. 0956-01, 0957-01,
2002 WL 31018589, at *2 (Tex. Crim. App. Sept. 11, 2002); Whitt v. State, 45 S.W.3d 274, 275
(Tex. App.-Austin 2001, no pet.).

 Absent appellate jurisdiction, we can take no action other than to dismiss the appeal. See
Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d 519,
523-25 (Tex. Crim. App. 1996). 

 We dismiss the appeal for want of jurisdiction. 




 Ben Z. Grant

 Justice


Date Submitted: December 2, 2002

Date Decided: December 3, 2002


Do Not Publish 



lse" UnhideWhenUsed="false" Name="Placeholder Text"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00078-CR

                                                ______________________________

 

 

 

                                                         IN
RE:  BOBBY YATES

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                            Memorandum
Opinion by Justice Moseley

                                                                              

                                                                              








                                                     MEMORANDUM 
OPINION

 

            Bobby Yates filed a petition for
writ of mandamus in which he asked this Court to order the 6th Judicial District
Court of Lamar County to withdraw a gag order entered in connection with an
underlying sexual assault case, and also to direct that court to withdraw its
denial of his motion for continuance.  We
have received a response from the trial judge, with copies of orders attached
which rescind the gag order in its entirety and grant a continuance so that a
newly retained attorney can represent Yates at trial.  The issues raised by the mandamus are
therefore moot.

            We deny the petition for writ of mandamus.

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date
Submitted:          April 25, 2011

Date
Decided:             April 26, 2011

 

Do
Not Publish