# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

**NO. 03-03-00063-CR**
**NO. 03-03-00064-CR**
**NO. 03-03-00065-CR**

**Julius Drew, Sr., Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT**
**NOS. 3011431, 9020800 & 9020932, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In district court cause number 3011431, appellant Julius Drew, Sr., pleaded guilty to assault with bodily injury, a lesser included offense of the sexual assault alleged in the indictment. *See* Tex. Pen. Code Ann. § 22.01(a)(1) (West 2003). As called for in a plea bargain agreement, the court assessed punishment at incarceration in county jail for one year, probated for two years. In cause number 9020800, Drew pleaded guilty to recklessly causing bodily injury to an elderly person. *See id*. § 22.04(a)(3). As called for in the agreement, the court assessed punishment at incarceration in a state jail for two years, probated for five years. In cause number 9020932, Drew pleaded guilty to the unauthorized practice of law, a lesser included offense of holding oneself out as a lawyer. *See id*. § 38.123(a)(1). The court again followed the agreement and assessed punishment at incarceration in county jail for one year, probated for two years.

At the time the sentences in these causes were suspended and the notices of appeal were filed, it was necessary for a notice of appeal from a bargained guilty plea to state that the appeal was for a jurisdictional defect, or that the substance of the appeal was raised by written motion and ruled on before trial, or that the trial court granted permission to appeal. *See* former Tex. R. App. P. 25.2(b)(3) (since amended). The notices of appeal in these causes stated, in effect, that the court promised Drew that he could appeal. The records do not support this statement, however, and at a subsequent hearing on Drew's request for permission to appeal the court denied its permission.

Drew's briefs do not raise a jurisdictional issue, nor do they complain of a ruling on a pretrial motion. Without the trial court's permission to appeal, the issues raised in the briefs are not properly before us. *Woods v. State*, 108 S.W.3d 314, 316 (Tex. Crim. App. 2003); *Whitt v. State*, 45 S.W.3d 274, 275 (Tex. App.—Austin 2001, no pet.).

The appeals are dismissed.[1]

_____

Mack Kidd, Justice

Before Chief Justice Law, Justices Kidd and Puryear

Dismissed

Filed:   October 2, 2003

Do Not Publish

_____

[1] Drew's motion to dismiss appellee's brief is overruled.