**Dwain Terry TROLLINGER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–98–00264–CR.**

Court of Appeals of Texas,
Dallas.

Feb. 11, 1999.

Allan Fishburn, Dallas, for appellant.

Lorraine A. Raggio, Asst. Dist. Atty., Dallas, for appellee.

Before Chief Justice THOMAS and Justices KINKEADE and BRIDGES.

## OPINION

LINDA THOMAS, Chief Justice.

Dwain Terry Trollinger entered a negotiated guilty plea to sexual assault of a child. Pursuant to the plea agreement, the trial court deferred adjudication of guilt, placed appellant on probation for ten years, and ordered appellant to pay a $500 fine. The State subsequently filed a motion to adjudicate guilt. Appellant pled true to the allegations in the State's motion. The trial court adjudicated appellant's guilt and sentenced appellant to twenty years' confinement and a $500 fine. In his sole point of error, appellant argues that the trial court lacked jurisdiction to hear his case because there was no order transferring the cause to the trial court. Concluding we lack jurisdiction to address appellant's contention, we dismiss this appeal.

Because the trial court deferred adjudication pursuant to a plea bargain agreement, appellant was required to comply with the additional notice requirements of Texas Rule of Appellate Procedure 25.2(b)(3). *See Watson v. State*, 924 S.W.2d 711, 714–15 (Tex. Crim.App.1996) (holding the additional notice requirements of former rule 40(b)(1) apply to appeals following adjudication of guilt where the defendant received deferred adjudication probation pursuant to a plea agreement). Specifically, appellant's notice of appeal had to state that: (1) the appeal was for a jurisdictional defect; (2) the substance of the appeal was raised by written motion and ruled on before trial; or (3) the trial court granted permission to appeal. *See* TEX. R.APP. P. 25.2(b)(3).

Here, appellant argues that the trial court lacked jurisdiction to hear his case because of the alleged lack of a transfer order. Assuming, without deciding, that appellant has correctly characterized his complaint regarding the transfer order as a jurisdictional one, appellant did not state in his January 16, 1998 notice of appeal that the appeal was for a jurisdictional defect. Further, appellant did not amend his notice of appeal before filing his brief. *See* TEX.R.APP. P. 25.2(d). Because appellant received deferred adjudication pursuant to a plea agreement and because appellant's notice of appeal did not state that the appeal was for a jurisdictional defect as required by rule 25.2(b)(3), we do not have jurisdiction to address appellant's complaint.

Accordingly, we dismiss this appeal for want of jurisdiction.