NUMBER 13-97-857-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


MCCULLION DWIGHT WILLIAMS , Appellant,



v.




THE STATE OF TEXAS , Appellee.

___________________________________________________________________



On appeal from the 377th District Court

of Victoria County, Texas.


____________________________________________________________________



O P I N I O N


Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Rodriguez 


 This is an attempted appeal from an order adjudicating guilt. We dismiss for want of jurisdiction.

 Appellant, McCullion Dwight Williams, entered a negotiated guilty plea to the charge of delivery of a controlled
substance. (1) Pursuant to the plea agreement, the trial court deferred adjudication of guilt, placed Williams on probation for
five years, and ordered him to pay a $500 fine. The State subsequently filed a motion to adjudicate guilt. Williams pleaded
true to the allegations in the State's motion. The trial court adjudicated Williams's guilt and sentenced him to ten years
confinement and a $500 fine.

 In one issue, Williams claims the evidence was legally and factually insufficient to prove he violated the conditions of his
community supervision, and thus the trial court abused its discretion in revoking his community supervision. (2)

 Because the trial court deferred adjudication pursuant to a plea bargain agreement, Williams was required to comply with
the additional notice requirements of Texas Rule of Appellate Procedure 25.2(b)(3). See Watson v. State, 924 S.W.2d 711,
714-15 (Tex. Crim. App. 1996) (holding the additional notice requirements of former rule 40(b)(1) apply to appeals
following adjudication of guilt where the defendant received deferred adjudication probation pursuant to a plea agreement).
Specifically, Williams's notice of appeal had to state that: (1) the appeal was for a jurisdictional defect; (2) the substance of
the appeal was raised by written motion and ruled on before trial; or (3) the trial court granted permission to appeal. See
Tex. R. App. P. 25.2(b)(3). Williams's notice of appeal failed to comply with these requirements, stating only:



 COMES NOW Defendant, through his attorney of record, W. A. White, and files this his Notice of Appeal from the
judgment and sentence rendered against him in the above cause on October 23, 1997 to the Court of Appeals for the 13th
Supreme Judicial District of Texas at Corpus Christi.



 Because Williams received deferred adjudication pursuant to a plea agreement and his notice of appeal did not comport
with the requirements of rule 25.2(b)(3), we do not have jurisdiction to address Williams's complaints. Trollinger v. State,
1999 WL 62409, *1 (Tex. App.--Dallas 1999, no pet. hist.).

 The appeal is DISMISSED FOR WANT OF JURISDICTION.

Nelda V. Rodriguez

Justice



Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed

this the 6th day of May, 1999.

1. Tex. Health & Safety Code Ann. § 481.112(a) (Vernon Supp. 1999).

2. The State alleged Williams failed to report; failed to pay his supervisory fees, attorney's fees and court costs; and he
violated curfew.