Eunice LOPEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–99–01354–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 31, 2000.

Rehearing Overruled Sept. 21, 2000.

Steve Walsh, Houston, for Appellant.

John B. Holmes, Calvin Hartmann, Alan Curry, Houston, for State.

Panel consists of Justices MIRABAL, ANDELL, and DUGGAN.*

## OPINION

MARGARET GARNER MIRABAL, Justice.

Appellant Eunice Lopez pled guilty, in accordance with a plea bargain, to the felony offense of tampering with a governmental record. After finding appellant guilty of the offense, the trial court assessed punishment at confinement for 120 days. We affirm.

In four issues, appellant attacks the jurisdiction of the trial court and the voluntariness of her plea, contending: (1) the conduct described in the charging instrument is not a crime; (2) if criminal conduct is described, appellant was charged with conduct constituting a class A misdemeanor, rather than a felony; (3) appellant was not admonished that if she was not a citizen of the United States, a plea of guilty could result in her deportation; and (4) appellant received ineffective assistance of counsel.

## APPELLATE JURISDICTION

As a threshold matter, the State challenges our jurisdiction over this appeal because appellant's "general" notice of appeal does not comply with the requirements of Rule 25.2(b)(3) for appeals of

judgments rendered on a plea of guilty pursuant to a plea agreement. *See* Tex. R.App. P. 25.2(b)(3).

Appellant's issues three and four attack the voluntariness of her plea of guilty, and thus we have jurisdiction to consider those issues. *See Davis v. State,* 7 S.W.3d 695, 697 (Tex.App.—Houston [1st Dist.] 1999, no pet.). Further, we have jurisdiction to consider appellant's issues one and two, which challenge the jurisdiction of the trial court. *See Martinez v. State,* 5 S.W.3d 722, 725 (Tex.App.—San Antonio 1999, no pet.) (because any action taken by a court without jurisdiction is void, jurisdictional issues may always be reached—at any time—whether raised by the parties or by the court); *Luna v. State,* 985 S.W.2d 128, 130 (Tex.App.—San Antonio 1999, pet. ref'd).[1] We overrule the State's jurisdictional challenge.

## FAILURE TO ADMONISH

In her third issue, appellant asserts that her plea was involuntary because she did not initial the admonishment that states if an individual is not a citizen of the United States, a plea of guilty may result in deportation.

The voluntariness of a guilty plea is determined by the totality of the circumstances. *Fimberg v. State,* 922 S.W.2d 205, 207 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd). There is a presumption of regularity of the judgment and the proceedings, and the burden is on the defendant to overcome this presumption. *Dusenberry v. State,* 915 S.W.2d 947, 949 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd). When, as in this case, the defendant waives a court reporter at the plea hearing, the burden is nonetheless on the defendant to see that a sufficient record is

---

\* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. We are aware there is a split among the intermediate appellate courts on this latter jurisdictional issue. *See Trollinger v. State,* 987 S.W.2d 166, 167 (Tex.App.—Dallas 1999,

no pet.) (interpreting Rule 25.2(b)(3) strictly so as not to allow jurisdictional challenges unless indicated in the notice of appeal); *Hernandez v. State,* 986 S.W.2d 817, 819 (Tex. App.—Austin 1999, pet. ref'd) (in dicta) (same).

presented on appeal to show error. *Montoya v. State*, 872 S.W.2d 24, 25 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).

 Here, the judgment provides:

The Defendant waived [her] right of trial by jury, and pleaded as indicated above. Thereupon, the Defendant was admonished by the Court as required by law. It appearing to the Court that the Defendant is mentally competent to stand trial, that the plea is freely and voluntarily made, and that the Defendant is aware of the consequences of [her] plea; the plea is hereby received by the Court and entered of record.

In the absence of an affirmative showing to the contrary, the foregoing recitation in the judgment is entitled to a presumption of regularity. *See Dusenberry*, 915 S.W.2d at 949.

The record contains a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," signed by appellant, her attorney, the prosecutor, and the trial judge. The record also contains a form titled, "Admonishments, Statements and Waivers of Defendant," signed by appellant, her attorney, and the prosecutor. Appellant complains the written admonishments were not sufficient because appellant did not initial the citizenship admonishment paragraph.

There is no requirement in article 26.13 that the defendant initial each written admonishment paragraph. *See* Tex.Code Crim. P. Ann. art. 26.13 (Vernon 1989 and Supp.2000). Both the "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" and the judgment recite that the judge admonished appellant of the consequences of her plea. Appellant has not shown that her failure to initial the citizenship admonishment paragraph means that she was not fully admonished as required by law.[2] Accordingly, we overrule appellant's third issue.

[2] There was no hearing on appellant's motion for new trial, and there is no reporter's record

## CHARGING INSTRUMENT

 In issue one, appellant asserts the charging instrument did not allege a criminal offense because it described conduct that is not an offense under Texas Penal Code section 37.10. In issue two, appellant asserts that, if an offense is charged by the charging instrument, it is only a class A misdemeanor, not a felony offense. The information reads, in relevant part, as follows:

FELONY CHARGE: TAMPERING GOVERNMENTAL RECORD

. . . .

EUNICE LOPEZ ... on or about **September 13, 1999**, did then and there unlawfully, intentionally and knowingly possess a governmental record, namely, a social security card attached hereto as Exhibit A, with the intent that it be used unlawfully.

The language of the information tracks the relevant language of the Texas Penal Code, which provides: "A person commits an offense if he possesses ... a governmental record ... with intent that it be used unlawfully." Tex. Penal Code § 37.10(a)(4) (Vernon Supp.2000). A social security card is a "certificate issued by the United States," and, therefore, it is a "governmental record" as defined by Texas Penal Code section 37.01(2)(c). Because the governmental record described in the information is a certificate issued by the United States, the offense charged is a felony of the third degree. *See* Tex. Penal Code Ann. § 37.10 (c)(2) (Vernon Supp. 2000).

Accordingly, because the information charged appellant with a felony offense, the district court had jurisdiction. We overrule issues one and two.

## INEFFECTIVE ASSISTANCE OF COUNSEL

 In her fourth issue, appellant asserts that her trial counsel was ineffective

from the plea hearing.

because: (1) he did not explain to her the meaning of the deportation admonishment; and (2) he allowed her to plead guilty to a state jail felony when she had not been charged with a crime, or at the most, had been charged with only a misdemeanor.

We have already determined that the information charged appellant with a third degree felony. Further, the record does not show that appellant's counsel did not explain to her the meaning of the deportation admonishment; as already discussed, appellant's failure to initial the admonishment does not establish that she was not admonished.

It is the defendant's burden to prove ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Gamble v. State*, 916 S.W.2d 92, 93 (Tex.App.—Houston [1st Dist.] 1996, no pet.). A claim of ineffective assistance of counsel must be firmly supported by the record. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex.Crim.App.1996). An appellate court will not make a finding of ineffectiveness based on speculation. *Gamble*, 916 S.W.2d at 93. Appellant has not met her burden.

We overrule issue four.

We affirm the judgment.

TIM TAFT, Justice, dissenting from denial of request for en banc review.

The Panel Opinion acknowledges a split among the intermediate appellate courts concerning jurisdiction to consider jurisdictional challenges when a defendant files only a general notice of appeal from a conviction that results from a plea bargain. The Panel Opinion chooses to follow the San Antonio Court of Appeals, rather than the Dallas and Austin Courts of Appeals, but does not explain why. On such an important issue, we should explain the reasons why we choose one line of authority over another. For the following reasons, I do not believe appellant, Eunice Lopez, can appeal a jurisdictional defect.

Before 1977, former articles 813 (1925 Code) and 44.02 (1965 Code) allowed criminal defendants a general right to appeal anything: "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed." *See* Act of May 27, 1965, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws (vol.2) 317, 511; former article 813, C.C.P.1925. The 1997 Legislature added the following *proviso* to article 44.02:

A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, *provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.* This article in no way affects appeals pursuant to Article 44.17 of this chapter.

Act of May 23, 1977, 65th Leg., R.S., ch. 351, 1977 Tex. Gen. Laws 940, 940–41 (*proviso* emphasized).

Except for appeals from pre-trial motions, the *proviso* allowed no appeals without permission of the trial court. Thus, permission of the trial court was necessary to appeal even jurisdictional defects and voluntariness of the plea.

But the Court of Criminal Appeals has not interpreted the *proviso* according to its plain language. In both its case law and rule-making roles, the court has confused two issues: the limited scope of review, as established by the Legislature through the *proviso*, and the limited waiver of certain issues, as established by the Court of Criminal Appeals in *Helms v. State*, 484 S.W.2d 925 (Tex.Crim.App.1972). Under the *Helms* rule, a voluntary plea of guilty

waived all non-jurisdictional defects that occurred before entry of the plea. *Id.* at 927.

The first confusion with the *Helms* rule occurred when the Court of Criminal Appeals promulgated former rule 40(b)(1) of the Texas Rules of Appellate Procedure. It is well-settled that, while the Legislature gives the court rule-making authority, the court may not enlarge, abridge, or otherwise modify the substantive rights of litigants. TEX GOV'T CODE ANN. § 22.108(a) (Vernon 1988). Nevertheless, in promulgating former rule 40(b)(1), the court changed the limited scope of review under the *proviso* into a *Helms*-like rule regarding the form of an appellant's notice of appeal:

> ... but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to the entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

Former TEX.R.APP. P. 40(b)(1). Former rule 40(b)(1) created many problems that took years to sort out through case law that unfortunately demonstrates only haphazard allegiance to the Legislature's mandate that the rules not modify litigants' substantive rights. *See, e.g., McLish v. State,* 916 S.W.2d 27, 29 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd) (Taft, J., concurring) (noting an appellant's loss of the *proviso*'s absolute right to appeal motions to suppress when notices failed to comply with the rule's formal requirements).

Then, in *Flowers v. State,* the Court of Criminal Appeals held that voluntariness of the plea, like jurisdictional defects, could be raised by a defendant who had entered an agreed plea on the basis that the *proviso* maintained an implied predicate from the *Helms* rule that allowed appeal of voluntariness and jurisdictional defects. *Flowers v. State,* 935 S.W.2d 131, 133 (Tex. Crim.App.1996). This holding effectively added, to the *proviso,* two additional matters that could be appealed without the permission of the trial court.

The right to appeal in criminal cases is determined solely by the Legislature. *See Morris v. State,* 749 S.W.2d 772, 774 (Tex. Crim.App.1986). Accordingly, the Court of Criminal Appeals had neither judicial-decision authority nor rule-making authority to enlarge the scope of appeal set by the Legislature in its *proviso* to article 44.02. *See Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App.1994). Not having obtained the permission of the trial court, appellant should have no right to appeal either jurisdictional matters or voluntariness.

But even if the Court of Criminal Appeals had the authority to make substantive changes in the rules, its recent rule change plainly requires a criminal appellant to state, in the notice of appeal, that he is raising a jurisdictional matter. *See* TEX.R.APP. P. 25.2(b)(3); *Trollinger v. State,* 987 S.W.2d 166, 167 (Tex.App.—Dallas 1999, no pet.); *Hernandez v. State,* 986 S.W.2d 817, 819 (Tex.App.—Austin 1999, pet. ref'd). The Court of Criminal Appeals has not hesitated to find no appellate jurisdiction where matters required to be set out in the notice of appeal were not set out. *See Davis v. State,* 870 S.W.2d 43, 46–47 (Tex.Crim.App.1994) (holding no jurisdiction to address motion to suppress).

As demonstrated, substantial arguments support our not allowing appellant to appeal a jurisdictional matter, *whether or not the Court of Criminal Appeals may enact rules that differ substantially from the predecessor statute.*

The apparent rationale of the Panel Opinion is that we may always reach juris-

dictional challenges. The fallacy of this rationale is that it presumes we have jurisdiction. But we are frequently precluded from addressing jurisdictional challenges, as when appellants have not complied with the controlling rules. For example, a criminal defendant who waits too long to file notice of appeal may not raise any issue on appeal, including jurisdictional issues. *Flowers* is admittedly an exception to the general rule. Were *Flowers* soundly decided or still viable, it would provide a basis for the Panel Opinion's decision. Indeed, this Court found *Flowers* still viable in *Davis v. State,* 7 S.W.3d 695 (Tex. App.—Houston [1st Dist.] 1999, no pet.), which relied on *Flowers* to hold that voluntariness could be raised despite a general notice of appeal, even after former rule 40(b)(1) was changed, apparently to disallow precisely this. *See Davis,* 7 S.W.3d at 696–697; *cf. id.* at 698–99 (Taft, J., dissenting).

Accordingly, I requested en banc review to afford an opportunity for the entire court to decide this important jurisdictional issue and to state our reasons for following a particular line of cases. To the denial of that request by a majority of this Court, I respectfully dissent.

Voting to deny the request for en banc review were Justices COHEN, MIRABAL, WILSON, HEDGES, and ANDELL.

Voting to grant the request for en banc review were Chief Justice SCHNEIDER, and Justices O'CONNOR, TAFT, and NUCHIA.