Affirmed and Memorandum Opinion of May 8, 2003 Withdrawn and Substituted
Memorandum Opinion filed June 12, 2003














Affirmed and
Memorandum Opinion of May 8, 2003 Withdrawn and Substituted
Memorandum Opinion filed June 12, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-02-00649-CR

NO.
14-02-00650-CR

_______________

 

HENRY JILES,
III, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

________________________________________________________________

 

On Appeal from the 209th District Court

Harris County, Texas

Trial Court Cause No. 893,423 &
899,190

________________________________________________________________

 

S U B S T I T
U T E D   M E M O R A N D U M   O P I N I O N

 

            The opinion issued in this case on May 8, 2003 is withdrawn, and the
following opinion is issued in its place.

            Henry Jiles,
III, appeals his convictions for cocaine delivery and aggravated sexual assault
on the grounds that: (1) the judgment adjudicating him guilty of cocaine
delivery was based on a superseded motion to adjudicate; and (2) in entering
appellant’s plea of guilt to aggravated sexual assault, the trial court failed
to admonish him of the requirements to register as a sex offender.   We dismiss his appeal of the cocaine
delivery conviction and affirm the aggravated sexual assault conviction.




                                       Adjudication of Guilt for Cocaine Delivery

            After appellant pled guilty to
cocaine delivery, the trial court placed him on deferred adjudication community
supervision for two years.  The State
thereafter filed a motion to adjudicate and then an amended motion to
adjudicate, and the trial court adjudicated appellant’s guilt and sentenced him
to two years confinement.

            Appellant’s sole issue challenging
this conviction contends that his plea of true was to the allegations in the
State’s original motion to adjudicate, which was superseded and nullified by
the amended motion, to which he never entered a plea.  Therefore, appellant contends that the
finding of guilt was erroneously based on the nullified original motion.

            However, no appeal may be taken from
a trial court’s determination to proceed with an adjudication of guilt.  Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2003).  Thus, a
defendant who is placed on deferred adjudication but subsequently adjudicated
guilty may not raise on appeal contentions of error in
the adjudication of guilt process.  Connolly  v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999). 
Accordingly, we have no jurisdiction to consider appellant’s challenge
to the trial court’s adjudication of his guilt, and his appeal of the
conviction for cocaine delivery is dismissed.

                                           Plea Admonishment on Sexual Assault

            Appellant’s
sole issue challenging his aggravated sexual assault conviction contends that
the trial court failed to admonish him of the requirements to register as a sex
offender.  See Tex. Code
Crim. Proc. Ann.
art. 26.13(a)(5), (h) (Vernon Supp.
2003).

            Absent evidence of impropriety, a
reviewing court is required to indulge every presumption in favor of the
regularity of the proceedings and documents in the lower court.  See
Light v. State, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000).  A
defendant bears the burden of overcoming this presumption,[1] even where
he waives a court reporter at a plea 

 class=Section2>

hearing.  Lopez v. State, 25 S.W.3d 926, 928-29 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

            In this case, appellant’s guilty
plea documents, which he signed on March 5, 2002, contain the following statement, which he also separately
initialed:  “I WAIVE the right to have a
court reporter record my plea.”  The plea
document further states that this waiver was made before the court accepted his
plea.

            Appellant’s Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial
Confession contains the following statement signed by the trial judge: “I
admonished the defendant of the consequences of his plea . . . .”  The trial court’s docket sheet entry for that
date also states that the trial court admonished appellant of the consequences
of his plea. Lastly, the trial court’s judgment states that “the Defendant was
admonished by the Court as required by law.”

            Consistent with the waiver in
appellant’s plea documents, a reporter’s record was not prepared for the March
5 proceeding at which appellant entered his plea (but only for the punishment
hearing conducted on May 31, 2002, after the presentence
investigation was completed).  Because
appellant has cited no portion of the record affirmatively showing that the
trial court failed to properly admonish him when his plea was entered, he has
not overcome the presumption of regularity of his plea documents and judgment
reflecting that he was properly admonished. 
Accordingly, his sole point of error challenging his aggravated sexual
assault conviction is overruled, and the judgment of the trial court is
affirmed.

 

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment rendered and Substituted
Memorandum Opinion filed June 12,
 2003.

Panel consists of Chief Justice
Brister and Justices Fowler and Edelman.

Do Not Publish — Tex. R. App. P. 47.2(b).

 











[1]           Nicholas v.
State, 56 S.W.3d 760, 770 (Tex. App.—Houston [14th
Dist.] 2001, pet. ref’d).