Opinion issued July 19, 2007






 











In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01006-CR






TERISA ARLENE FORD, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 870147






OPINION ON REHEARING

 Appellant, Terisa Arlene Ford, pleaded guilty to robbery without an agreed
recommendation on punishment. See Tex. Pen. Code Ann. § 29.02 (Vernon 2003). 
The trial court deferred adjudication of appellant's guilt, withheld a finding on the
two enhancement paragraphs, and placed appellant on community supervision for 10
years. The trial court also fined appellant $500. Later, finding that she had violated
the terms of her community supervision, the trial court adjudicated appellant guilty,
made a finding of true on the two enhancement paragraphs, and sentenced her to 25
years' imprisonment. In her sole point of error, appellant argues that the trial court
abused its discretion when it found both enhancement paragraphs true and sentenced
her to 25 years' imprisonment. We issued our opinion and judgment in this case on
February 1, 2007. The State filed a motion for rehearing on February 12, 2007. We
grant the State's motion for rehearing. Our prior opinion and judgment of February
1, 2007 are vacated, set aside, and annulled, and this opinion and judgment are issued
in their stead. 

 We affirm.

Facts and Procedural History

 On February 22, 2002, appellant was indicted for robbery, a second degree
felony. The indictment also included enhancement paragraphs for two previous
felony convictions, the second of which occurred after the first had become final. On
April 6, 2001, appellant pleaded guilty to robbery. (1) The court admonished appellant
in writing that, because of her status as an habitual offender, the range of punishment
in her case was imprisonment for 25 to 99 years, or life. Appellant did not initial this
admonition. 

 In the document entitled "Statements and Waivers of Defendant," appellant
initialed, among others, the paragraphs reading:

 (2) I understand the admonitions of the trial court set out herein;


 . . . .


 (4) I WAIVE the right to have a court reporter record my plea;


 . . . . 


 (7) I understand that if the Court grants me Deferred Adjudication . . .
[and] determines that I violated a condition of probation, . . . the
Court may assess my punishment within the full range of
punishment for this offense . . . ;


 (8) I fully understand the consequences of my plea herein, and after
having fully consulted with my attorney, request that the court
accept said plea; [and]


 . . . . 


 (11) Joined by my counsel, I state that I understand the foregoing
admonitions and I am aware of the consequences of my plea . . . . 
I have read the indictment and I stipulate that if the State's
witnesses were sworn in and testified, they would testify that I
committed each and every element alleged. . . .


Appellant, along with her attorney, also signed her full name at the end of this
document. 

 Appellant and her attorney also signed a document entitled "Waiver of
Constitutional Rights, Agreement to Stipulate, and Judicial Confession." The first
page of this document recited the charged offense and both enhancement paragraphs:

 In open court and prior to entering my plea, I waive the right of trial by
jury. I also waive the appearance, confrontation, and cross-examination
of witnesses, and my right against self-incrimination. The charges
against me allege that in Harris County, Texas, TERISA ARLENE
FORD, hereafter styled the Defendant, on or about DECEMBER 31,
2000, did then and there unlawfully, while in the course of committing
theft of property owned by and with intent to obtain and maintain
control of the property, intentionally, knowingly and recklessly caused
bodily injury to Crystal Wiggins by biting Crystal Wiggins.


 Before the commission of the offense alleged above, (hereafter
styled the primary offense), on November 13, 1990, in Cause No.
579278, . . . the Defendant was convicted of the felony of delivery of a
controlled substance.


 Before the commission of the primary offense, and after the
conviction in Cause No. 579278 was final, the Defendant committed the
felony of possession of a controlled substance and was finally convicted
of that offense on March 25, 1992, in Cause No. 620401 . . . .


The second page read, in part, 

 I understand the above allegations and I confess that they are true and
that the acts alleged above were committed on December 31, 2000.


 . . . . 


 I intend to enter a plea of guilty . . . .


 On July 19, 2001, the trial court entered an order deferring adjudication of
appellant's guilt, withheld a finding on the two enhancement paragraphs, and placed
appellant on community supervision for 10 years. The trial court also assessed a $500
fine. Next to "Plea to Enhancement Paragraph(s)" on the order deferring
adjudication, "N/A" is circled, rather than "True" or "Not True." Next to "Plea"
regarding the indictment, "Guilty" is circled.

 On May 17, 2005, the State filed a motion to adjudicate appellant's guilt,
alleging that appellant had violated several conditions of her community supervision. 
On September 8, 2005, the trial court held a hearing on the State's motion to
adjudicate guilt, and appellant pleaded "not true" to the State's allegations in the
motion. After taking testimony from several witnesses, including appellant, the trial
court found that appellant had violated several conditions of her community
supervision and found her guilty of robbery. The court then asked if either defense
counsel or the State had anything else to offer before proceeding with sentencing;
neither had anything else to offer. The trial court then addressed appellant, 

 [T]he Court having found you guilty of the offense of robbery, the Court
at this time finds true the enhancement paragraph[s] in the underlying
indictment. The Court, specifically notes for the record that at the time
Ms. Ford was placed on deferred adjudication, on July 19th, 2001, the
Court withheld a finding of true on the enhancement paragraphs.

 

 The Court hereby at this time now finds each enhancement
paragraph to be true, and the Court hereby assesses your punishment at
25 years confinement in the Texas Department of Criminal Justice.


 Upon announcement of her sentence, the trial court asked appellant, "Do you
have anything to say why the sentence . . . should not be pronounced against you?" 
Appellant began to say something, but defense counsel interrupted and said, "Her
question is, Your Honor, is [sic] enhancements were at that time how come enhanced
now?" The trial court did not answer the question.Discussion

 In her sole point of error, appellant argues that the trial court abused its
discretion when it found both enhancement paragraphs in the indictment true and
sentenced her to 25 years' confinement. 

 Appellant was indicted for robbery, a second-degree felony. See Tex. Pen.
Code Ann. § 29.02. Under the Texas Penal Code, a second-degree felony is
punishable by imprisonment for two to 20 years. Id. § 12.33(a) (Vernon 2003). 
However, upon a showing that the defendant has two previous final felony
convictions and that the second previous felony conviction is for an offense that
occurred after the first previous conviction had become final, a second-degree felony
is punishable by imprisonment for 25 to 99 years, or life. Id. § 12.42(d) (Vernon
Supp. 2006). Here, the indictment included enhancement paragraphs for two
previous felony convictions, the second of which occurred after the first became final. 
Upon a finding of "true" for both of these, the trial court sentenced appellant to 25
years' imprisonment, a sentence well within the statutorily prescribed range. See id.

 Appellant asserts, however, that "at no time was she ever told that the range of
punishment was anything other than two to 20 years in prison." Therefore, according
to appellant, the trial court abused its discretion when it assessed her punishment at
25 years' confinement, a sentence greater than the statutorily prescribed maximum
of 20 years' imprisonment for a second degree felony. See id. §§ 12.33, 29.02. 

 Article 26.13 of the Texas Code of Criminal Procedure requires that, before
accepting a guilty plea, the trial court must admonish a defendant of (1) the range of
punishment; (2) the fact that the State's punishment recommendation is not binding
on the trial court; (3) the limited right to appeal; (4) the possibility of deportation if
the defendant is not a United States citizen; and (5) any applicable registration
requirements. Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2006). The
admonitions may be made either orally or in writing. Id. art. 26.13(d) (Vernon Supp.
2006). If the admonitions are made in writing, the defendant and his attorney must
file a signed statement that the defendant understands the admonitions and is aware
of the consequences of his plea. Id. Here, appellant was admonished in writing that,
as an habitual offender, the range of punishment in her case was imprisonment for 25
to 99 years, or life. 

 As appellant points out, she did not initial this admonition. Article 26.13,
however, contains no requirement that the defendant initial each admonition. Lopez
v. State, 25 S.W.3d 926, 929 (Tex. App.--Houston [1st Dist.] 2000, no pet.) (citing
Tex. Code Crim. Proc. Ann. art. 26.13). Furthermore, appellant did, in the
document entitled "Statements and Waivers of Defendant," initial the paragraphs
stating (a) that she understood the admonitions of the trial court; (b) that she
understood that, if she were granted deferred adjudication, upon violation of a
condition of probation, the trial court could assess her punishment within the full
range of punishment; (c) that she, joined by her attorney, understood the admonitions
of the trial court and was aware of the consequences of her plea; and (d) that she had
read the indictment and stipulated that, if the State's witnesses were sworn in and
testified, they would testify that she had committed each and every element alleged. 
Appellant, along with her attorney, also signed her full name at the end of this
document. See id. (finding that, even though appellant did not initial deportation
admonition, appellant signed document stating that judge admonished appellant of
consequences of plea). We conclude, therefore, that the trial court admonished
appellant of the correct range of punishment--25 to 99 years or life in prison--and
did not abuse its discretion when it sentenced her to 25 years' confinement. See Tex.
Pen. Code Ann. §§ 12.42(d), 29.02.

 Appellant also points to the fact that next to "Plea to Enhancement
Paragraph(s)" on the trial court's order deferring adjudication, "N/A"--which is
commonly understood to mean "not applicable"--is circled, rather than "True" or
"Not True." According to appellant, this means that she never entered a plea to the
enhancement paragraphs. We disagree. The trial court circled "N/A" not because
appellant had not pleaded to the enhancement paragraphs--she had--but because the
enhancement paragraphs were not applicable at the time the court deferred
adjudication of appellant's guilt. They only became applicable once the court
determined that appellant had violated her community supervision, adjudicated her
guilty, and was required to sentence her. 

 On April 6, 2001, appellant signed a document entitled "Waiver of
Constitutional Rights, Agreement to Stipulate, and Judicial Confession." The first
page of this document recited the charged offense and both enhancement paragraphs. 
The second page read, in part, "I understand the above allegations and I confess that
they are true and that the acts alleged above were committed on December 31, 2000." 
Because the "above allegations" included the two enhancement paragraphs,
appellant's judicial confession included a confession that the enhancement paragraphs
were true. If a defendant pleads "true" or "guilty" to an enhancement paragraph, the
State is relieved of its burden to prove what is alleged in that paragraph (2) because a
plea of "true" constitutes "evidence and sufficient proof to support the enhancement
allegation." Wilson v. State, 671 S.W.2d 524, 526 (Tex. Crim. App. 1984). 
Therefore, appellant's judicial confession was a sufficient basis for the trial court to
find the enhancement paragraphs true. 

 We overrule appellant's sole point of error.




Conclusion

 We affirm the judgment of the trial court.



 



 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Hanks.

Publish. Tex. R. App. P. 47.2(b).
1. Appellant waived the presence of a court reporter.
2. Ex parte Sewell, 742 S.W.2d 393, 396 (Tex. Crim. App. 1987).