In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00073-CR


______________________________




MICHAEL WAYNE MCCOLLUM, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


Fannin County, Texas


Trial Court No. 20557




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Whether it was to steel himself for his February 4, 2003, trial on two charges of aggravated
assault, (1) Michael Wayne McCollum had been drinking before he appeared in court for trial. When
McCollum appeared drunk in court that morning, the trial judge was not pleased. The trial court
jailed McCollum for contempt of court, for approximately three hours, (2) before bringing him back
and taking his pleas to the underlying charges.

 When the trial court resumed the proceedings later that day, McCollum pled guilty to his
charges and submitted both cases for punishment to the trial court. The trial court assessed
McCollum's punishment at eighteen years' imprisonment in each case, with the two sentences to be
served concurrently. (3) 

 McCollum now raises two points of error, both alleging ineffective assistance of counsel. 
Because we conclude the record supports neither claim of ineffective assistance of counsel, we
affirm the trial court's judgment.

(1) Ineffective Assistance of Counsel Has Not Been Shown Relative to McCollum's Assumptions Concerning His Eligibility for Community Supervision


 McCollum contends he received ineffective assistance of counsel at trial because he pled
guilty under an erroneous assumption he was eligible for community supervision. 

 The appellate standard for reviewing claims of ineffective assistance is well settled. See
Strickland v. Washington, 466 U.S. 668, 687 (1984); Andrews v. State, 159 S.W.3d 98, 100-01 (Tex.
Crim. App. 2005). Any allegation of ineffective assistance must be firmly rooted in the record. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The appellant must demonstrate by
a preponderance of the evidence (1) that counsel's performance fell below an objective standard of
reasonableness and (2) that this deficient performance prejudiced the defense. Strickland, 466 U.S.
at 687; Andrews, 159 S.W.3d at 100-01. Our review of trial counsel's performance is highly
deferential. Strickland, 466 U.S. at 690; Andrews, 159 S.W.3d at 102. "In the absence of counsel's
reasons for the challenged conduct, we will assume a strategic motivation if any can be imagined." 
Fuller v. State, 224 S.W.3d 823, 828 (Tex. App.--Texarkana 2007, no pet.) (citing Garcia v. State,
57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

 Before accepting McCollum's guilty plea, the trial court explained that the punishment range
for a second-degree felony was between two years' and twenty years' imprisonment. See Tex. Penal
Code Ann. § 12.33 (Vernon 2003). McCollum acknowledged the applicable punishment range and
persisted in his guilty plea. The court thereafter found McCollum guilty of aggravated assault and
made an affirmative finding that he used or exhibited a deadly weapon during the commission of his
crimes. Based on such a finding, McCollum was statutorily ineligible to receive community
supervision from the trial court. See Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(2) (Vernon Supp.
2007).

 McCollum later testified that he hoped the trial court would assess a sentence that would
involve sending him to "[s]omething that has at least a two year program, something that would also
deal with [his] depression." But, in his testimony, McCollum subsequently acknowledged that his
ultimate sentence was up to the discretion of the trial court. 

 McCollum's trial counsel has not had an opportunity to respond to McCollum's accusations
of ineffective assistance. No evidence demonstrates that counsel failed to explain the sentence
options to McCollum at some point off the record. It is also at least theoretically possible that
McCollum's attorney thought McCollum was referencing an alcohol and depression treatment
program available within the prison system, rather than referencing a similar option available
through community supervision since many community supervision departments (especially those
in rural communities) lack the resources to fund a two-year inpatient treatment program similar to
that referenced in McCollum's testimony. It may also be possible counsel interpreted McCollum's
isolated statement as a plea for a minimal two-year sentence, which would explain why counsel did
not stop the proceedings and attempt to persuade the trial court to allow McCollum to withdraw his
guilty plea.

 Additionally, there is no evidence in the record that, but for this false alleged hope of being
sent to a treatment program outside of prison, McCollum would have neither pled guilty nor
submitted punishment to the trial court. Therefore, based on the record before us, we must overrule
McCollum's first allegation of ineffective assistance.

(2) Ineffective Assistance of Counsel Has Not Been Shown Relative to McCollum's Guilty Plea After Having Appeared in Court Drunk


 McCollum also contends his trial counsel provided ineffective assistance by permitting
McCollum to plead guilty while under the influence of alcohol. McCollum argues his trial counsel
"should have approached the [trial] court to ascertain whether Appellant was competent to waive his
constitutional rights before the judge commenced his plea colloquy." Because McCollum's trial
counsel did not follow such a procedure, McCollum asks us to reverse his conviction for ineffective
assistance. 

 "It is the trial judge's responsibility to ascertain whether the guilty/nolo contendere plea is
voluntarily and knowingly given in light of the totality of the circumstances." Hinkle v. State, 934
S.W.2d 146, 149 (Tex. App.--San Antonio 1996, pet. ref'd). The voluntariness of an appellant's
guilty plea is determined by reviewing a totality of the circumstances. Lopez v. State, 25 S.W.3d
926, 928 (Tex. App.--Houston [1st Dist.] 2000, no pet.). On appeal, however, the reviewing court
shall presume the appellant's plea was voluntarily given, and it is the appellant's burden to
demonstrate that the record from the proceedings below affirmatively supports the contention that
the guilty plea was involuntarily made. Houston v. State, 201 S.W.3d 212, 218 (Tex.
App.--Houston [14th Dist.] 2006, no pet.); Lopez, 25 S.W.3d at 928. 

 The reporter's record in this case does not indicate exactly when the trial court resumed
hearing McCollum's case. Nevertheless, the trial court's written order from earlier that day directs
the Fannin County Sheriff to confine McCollum for contempt until 1:00 p.m., February 4, 2003, after
which McCollum was to be brought back before the trial court. Absent any contrary evidence in the
record, we shall presume the Sheriff obeyed the specificity of that order. Therefore, nearly three
hours would have passed between the moment the trial court entered its order of contempt and the
time at which the court would have resumed hearing McCollum's case. If the trial court correctly
estimated it takes about one hour for someone to metabolize one alcoholic drink, thereby lowering
one's blood-alcohol level by .02 during that hour's passage, McCollum's blood-alcohol content would
have dropped to a nearly undetectable level by 1:00 p.m. (4) 

 When the trial court continued the proceedings, the court spent five pages of the record
asking McCollum a series of questions related to his guilty plea. We have read nothing in the record
to suggest McCollum was suffering any ill effects of his earlier inebriation. Rather, the appellate
record shows McCollum's answers to the trial court's questions were direct and articulate. 
McCollum acknowledged having signed a waiver of his rights and told the trial court he understood
the meanings of several key terms within the written waivers when specifically asked by the trial
court. The trial court also asked McCollum's trial counsel whether she believed McCollum was, at
the time of his plea, competent to stand trial. McCollum's counsel answered affirmatively. The State
likewise informed the trial court that it did not believe there was any evidence to support a finding
that McCollum was incompetent. 

 Finally, the court noted that McCollum's most recent intoxilyzer test showed his blood-
alcohol content was approximately .02 just before the plea hearing. The trial court asked the deputy
sheriff who had custody of McCollum whether the deputy believed McCollum was "sober and able
to understand what these proceedings [were] about," to which the deputy answered affirmatively. 
Then both McCollum's attorney and the State concurred in the deputy's assessment of McCollum's
sobriety. Finally, the trial court asked McCollum:

 THE COURT: Mr. McCollum, I'm going to ask you that question. Are you
completely sober and competent and ready to stand trial?

 THE DEFENDANT: Yes, Your Honor.

Accordingly, the testimony and evidence from all sources supported the trial court's conclusion that
McCollum was not intoxicated at the time he entered his guilty plea. Nor does the record otherwise
affirmatively support the conclusion that McCollum was incompetent to enter a voluntary plea at the
time in question. Accordingly, the record affirmatively refutes this allegation of ineffective
assistance of counsel. The record also refutes any suggestion by McCollum that his plea was
involuntary at the time it was given due to his state of intoxication presumably some three hours
before the time he entered his plea.

 For the reasons stated, we overrule McCollum's appellate issues and affirm the trial court's
judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: December 17, 2007

Date Decided: December 20, 2007


Do Not Publish


1. See Tex. Penal Code Ann. § 22.02 (Vernon Supp. 2007). Absent the presence of
statutorily defined circumstances, aggravated assault is a second-degree felony. Id. The appeal in
this case concerns McCollum's conviction in trial court cause number 20557. McCollum has also
appealed his other conviction for aggravated assault in trial court cause number 20558; that appeal
is addressed in our opinion in McCollum v. State, cause number 06-07-00074-CR, issued this same
date.
2. The trial court heard testimony from a Texas Department of Public Safety (DPS) trooper that
McCollum's breath-alcohol concentration then registered a .068 on the intoxilyzer test. The court
held McCollum in contempt of court, ordered him jailed, and directed the continued monitoring of
his blood-alcohol concentration to determine whether that content was rising (which would support
the conclusion McCollum had stopped drinking only shortly before coming to court that morning)
or falling (which would support McCollum's claim that he had stopped drinking the night before). 
The trial court stated on the record that the purpose of the contempt finding was to allow McCollum
time to return to sobriety:


I'm going to order that he be jailed and to be tested each hour to see whether the
blood is going up [or] down, and I want a report. If it's going up, it of course
indicates that the drinking occurred this morning and is still being absorbed into the
system. If that's the case, we will reconsider and probably hold him in contempt for
a longer period of time. If, on the other hand, it's going down, indicating he told the
truth and this drinking is from last night, we will schedule the trial to start at the time
it's out of his system. At .068, its going to take several hours for it to clear. That's
going to delay the trial until this afternoon. I want you to report back this afternoon
and have him back in the courtroom at 1:00 o'clock to find out what his condition is. 
At that point I will make a decision as to how long he's going to be in jail for
contempt.
3. The trial court also ordered McCollum to pay $200,000.00 in restitution. 
4. Judge Lovett's expertise on this topic is noteworthy. He has a national reputation as an
expert in cases dealing with intoxication and has co-authored a three-volume set of trial handbooks
on Driving Under the Influence defense. See Reese I. Joey & James Lovett, Drunk Driving: The
Trial Notebook; Drunk Driving: The Trial Workbook; and Drunk Driving: The Trial Source Book
(Kluwer, 1986).


E="N_2_">2. The claims against Kenneth allege a number of bad acts, including transferring funds of
L. A. Moon into his own accounts during a time period while Kenneth had a power of
attorney--which L. A. Moon revoked only two months later, and conversion of bank funds the day
after L. A. Moon had a stroke and was hospitalized, and conversion of rents on a number of rental
houses, apartments, and a washateria.