

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-89,143-01

### EX PARTE DAVID ROBERT STRATTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1576268-A IN THE 180TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of tampering with a governmental record and sentenced to two years' imprisonment.

Applicant claims that the offense is a misdemeanor and not a felony and that his two-year prison sentence is unlawful. The indictment alleged in pertinent part as follows:

[Applicant] did then and there unlawfully, attached hereto as Exhibit A with intent

that it be used unlawfully, possess a governmental record, namely a license, to-wit:

Social Security Card.

According to the State's prepared findings adopted by the trial court, the offense was prosecuted under Penal Code Section 37.10(a)(4). This section states in pertinent part, "A person commits an offense if he...possesses...a governmental record...with intent that it be used unlawfully." Also according to the findings, the offense was a third-degree felony under Penal Code Section 37.10(d)(2)(A), which states, "An offense under this section, if it is shown on the trial of the offense that the governmental record is described by Section 37.01(2)(D), is...a felony of the third degree if the offense is committed under...Subsection (a)(1), (3), (4), or (6)." But a Social Security Card is not a governmental record "described by Section 37.01(2)(D)." Rather, a governmental record under Section 37.01(2)(D) is:

> a standard proof of motor vehicle liability insurance form described by Section 601.081, Transportation Code, a certificate of an insurance company described by Section 601.083 of that code, a document purporting to be such a form or certificate that is not issued by an insurer authorized to write motor vehicle liability insurance in this state, an electronic submission in a form described by Section 502.046(i), Transportation Code, or an evidence of financial responsibility described by Section 601.053 of that code.

Section 37.01(2)(D) does not make any reference to a Social Security Card or other license and is not applicable to Applicant's prosecution.

A Social Security Card is a governmental record under Section 37.01(2)(C), which states, "'Governmental record' means...a license, certificate, permit, seal, title, letter of patent, or similar document issued by government, by another state, or by the United States." *See Lopez v. State*, 25 S.W.3d 926, 929 (Tex. App.—Houston [1st Dist.] 2000, no pet.) ("A social security card is a

'certificate issued by the United States,' and, therefore, it is a 'governmental record' as defined by Texas Penal Code section 37.01(2)(C)"). The State's prepared findings adopted by the trial court are incorrect.

Even so, the offense is a third-degree felony under Section 37.10(c)(2)(A). This section states in pertinent part:

> An offense under this section is a felony of the third degree if it is shown on the trial of the offense that the governmental record was...a license, certificate, permit, seal, title, letter of patent, or similar document issued by government, by another state, or by the United States....

The language in Section 37.10(c)(2)(A) describing the governmental records to which that section applies mirrors the language of 37.01(2)(C) defining a Social Security Card as a governmental record. The offense of conviction was properly prosecuted as, and Applicant pled guilty to, a third-degree felony offense. Applicant's two-year sentence is within the range of punishment for a third-degree felony and is not unlawful. *See* TEX. PENAL CODE § 12.34. Habeas relief is denied.

Filed: November 14, 2018
Do not publish