

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00189-CR

———————————————

DANIEL CHARLES RAY HANSON A/K/A DANIEL CHARLES HANSON,
Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1516655D

---

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Daniel Charles Ray Hanson a/k/a Daniel Charles Hanson was indicted for tampering with a government record by knowingly making, possessing, or using "a governmental record with knowledge of its falsity, to wit: A Kansas Driver's License." *See* Tex. Penal Code Ann. § 37.10(a)(5). The abbreviation at the top of the indictment states, "OFFENSE TAMPER W/ GOV SCHOOL RECORD LIC/SEAL/PERM IAT," and the indictment contains a photocopy of the Kansas driver's license that lists the photographed individual as Skylar Michael Gregory Joyner, with a date of birth eight years younger than that of Hanson, whose date of birth was listed in the indictment.[1]

Hanson filed a motion to set aside the indictment, arguing that it alleged only a Class A misdemeanor, which is insufficient to invoke the criminal district court's jurisdiction. *See* Tex. Code Crim. Proc. Ann. art. 4.05 (stating that criminal district

---

[1]The record does not reflect what sort of tampering was alleged to have occurred, and no one has argued that Hanson should have been charged under one of the other provisions in penal code section 37.10, such as section 37.10(a)(2), which lists as an offense the making, presenting, or using of "any record, document, or thing with knowledge of its falsity and with intent that it be taken as a genuine governmental record," *see* Tex. Penal Code Ann. § 37.10(a)(2), or whether he should have instead been charged in a different court under a provision making it a Class A misdemeanor to intentionally or knowingly use a driver's license obtained in violation of transportation code section 521.451, which prohibits possessing a driver's license that one knows is fictitious or has been altered. *See* Tex. Transp. Code Ann. § 521.455; *cf.* Tex. Alco. Bev. Code Ann. §§ 106.07(a), .071 (setting forth the Class C misdemeanor offense of a minor presenting any document that indicates that he is twenty-one years of age or older to a person engaged in selling or serving alcoholic beverages).

courts shall have original jurisdiction in felony criminal cases, all misdemeanors involving official misconduct, and in misdemeanor cases transferred under article 4.17); *Teal v. State*, 230 S.W.3d 172, 181 (Tex. Crim. App. 2007) ("[T]he indictment, despite whatever substantive defects it contains, must be capable of being construed as intending to charge a felony."); *see also Kirkpatrick v. State*, 279 S.W.3d 324, 329 (Tex. Crim. App. 2009) (op. on reh'g) (holding that the appellant was on notice that the State intended to charge a felony when the felony version of the offense existed, the face of the indictment contained a heading referencing the offense as a felony, and the indictment's return was to the felony court).

Hanson argued in the trial court, and argues in his sole point on appeal, that the indictment charged him with a misdemeanor offense because it failed to set forth additional elements necessary to make the charged tampering offense a third-degree felony, thus depriving the trial court of jurisdiction to hear the case when penal code section 37.10(c)(2)(A) "specifically goes to education related documents" and not to another State's driver's license.[2]

---

[2]Although his motion to quash broadly asserted that the trial court lacked jurisdiction to hear the merits because the indictment's language only defined a Class A misdemeanor, Hanson argued in the trial court that the driver's license "has nothing to do with education related documents or licensing or anything like that, education related." The State responded that the language in the indictment tracked penal code section 37.10(c)(2)(A) "because this is a license issue[d] by another state." After the trial court overruled his motion, Hanson pleaded guilty pursuant to a plea bargain in exchange for two years' confinement.

Tampering with a governmental record is a Class A misdemeanor unless it is shown on the trial of the offense that the governmental record is a specific type of record or additional factors are involved, such as fraud.[3] Tex. Penal Code Ann. § 37.10(c)(1)–(4), (d); *see Oliva v. State*, 548 S.W.3d 518, 528 (Tex. Crim. App. 2018) ("We observe that the phrase 'if it is shown on the trial of' is used in numerous provisions that raise the degree of the offense, some based on prior convictions and others based on aggravating facts associated with the circumstances of the offense." (footnotes omitted)); *see also State v. Vasilas*, 187 S.W.3d 486, 492 (Tex. Crim. App. 2006) ("The legislature obviously meant to protect the people of the State by making it a crime to tamper with governmental records."). Section 37.10(c)(2) provides for the increased punishment of offenses involving tampering with specific types of governmental records. *Tottenham v. State*, 285 S.W.3d 19, 33 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

Under subsection (A) of section 37.10(c)(2), three types of records will elevate an offense from a misdemeanor to a third-degree felony: Texas public school records,

---

[3]If the actor intended to defraud or harm another through the tampering, then—depending on other circumstances—the offense may be elevated from a misdemeanor to a felony. Tex. Penal Code Ann. § 37.10(c)(1)–(2)(A), (d)(3). A person is presumed to intend to defraud or harm if he acts with respect to two or more of the same type of governmental records or blank governmental record forms and "if each governmental record or blank governmental record form is a *license, certificate, permit, seal, title, or similar document issued by government*." *Id.* § 37.10(g) (emphasis added). Thus, we note, that with regard to licenses, certificates, permits, seals, titles, "or similar document[s] issued by government," the legislature has indicated an intent to treat these specific documents as special.

4

Texas school district or charter school data, and a variety of other government documents issued by Texas, other states, and the federal government. Tex. Penal Code Ann. § 37.10(c)(2)(A). Specifically, under subsection (A), the document at issue falls into the latter of these categories:

> a public school record, report, or assessment instrument required under Chapter 39, Education Code,[4] data reported for a school district or open-enrollment charter school to the Texas Education Agency through the Public Education Information Management System (PEIMS) described by Section 42.006, Education Code, under a law or rule requiring that reporting,[5] *or a license, certificate, permit, seal, title, letter of patent, or similar document issued by government, by another state*, or by the United States, unless the actor's intent is to defraud or harm another, in which event the offense is a felony of the second degree.

*Id.* § 37.10(c)(2)(A) (emphasis added).[6]

---

[4]This portion of subsection (A) refers to records falling under the "Public School System Accountability" requirements, such as academic skills assessment, school district accreditation and performance, and financial and other accountability measures. *See* Tex. Educ. Code Ann. §§ 39.001–.416.

[5]Under education code section 42.006, school districts and open-enrollment charter schools must provide through PEIMS information such as the number of enrolled students identified as having dyslexia and the availability and number of students participating in expanded learning opportunities. *See* Tex. Educ. Code Ann. § 42.006(a)–(d).

[6]The remaining three subsections under section 37.10(c)(2) set out other categories of governmental records that will elevate an offense from a misdemeanor to a third-degree felony. *See* Tex. Penal Code Ann. § 37.10(c)(2)(B)–(D) (applying third-degree felony status to tampering with expert written reports on physical evidence and written reports on maintenance records used to test physical evidence related to a criminal action and search warrants issued by magistrates).

We review a question of statutory construction de novo, beginning with the statute's plain language and seeking to effectuate the legislature's intent. *See Vasilas*, 187 S.W.3d at 488 (noting that the legislature has provided the Code Construction Act to assist in statutory interpretation). In determining plain meaning, words and phrases must be read in context and construed according to the rules of grammar and usage. *Wagner v. State*, 539 S.W.3d 298, 306 (Tex. Crim. App. 2018). Further, in enacting a statute, it is presumed that the legislature intended the entire statute to be effective. Tex. Gov't Code Ann. § 311.021(2). The legislature has also stated that we may consider—among other matters—law on the same or similar subjects. *Id.* § 311.023(4).

Based on the use of the serial comma and conjunction in penal code section 37.10(c)(2)(A), the statute provides that an offense is a third-degree felony if the governmental record at issue is (1) a public school record required by education code chapter 39, (2) a public or charter school record reported to TEA via PEIMS, *or* (3) "a license, certificate, permit, seal, title, letter of patent, or similar document issued by government, by another state, or by the United States." Tex. Penal Code Ann. § 37.10(c)(2)(A); *see* Texas Law Review, Manual on Usage & Style 1.16 (14th ed. 2017) ("In a series of three or more items with a conjunction before the last term, use a comma between all terms in the series. Always include a comma immediately before the conjunction.").

Additionally, we do not read the last items listed in subsection (A) to necessarily involve education despite the two preceding education-related items connected by the serial comma. While educators receive "appropriate certificate[s] or permit[s]" to teach, *see* Tex. Educ. Code Ann. § 21.003 ("Certification Required"), some of the remaining items listed in the portion of the statute after the serial comma—licenses, seals, and letters of patent, in particular—have nothing in common with educational reporting requirements except that they, too, elevate the offense to felony status. *But see* Tex. Educ. Code Ann. § 44.0352 (requiring competitive proposals to be sealed), §§ 65.15, 85.16 (pertaining to state university seals), §§ 1001.001–.555 (setting out provisions governing driver and traffic safety education).

Further, the definition set out in section 37.01(2)(C) parallels the exact language used in the portion of section 37.10(c)(2)(A) following the serial comma with regard to the definitions of "governmental record":

> (A) anything belonging to, received by, or kept by government for information, including a court record;
>
> (B) anything required by law to be kept by others for information of government;
>
> (C) *a license, certificate, permit, seal, title, letter of patent, or similar document issued by government, by another state, or by the United States*;
>
> (D) a standard proof of motor vehicle liability insurance form described by Section 601.081, Transportation Code, a certificate of an insurance company described by Section 601.083 of that code, a document purporting to be such a form or certificate that is not issued by an

7

insurer authorized to write motor vehicle liability insurance in this state, an electronic submission in a form described by Section 502.046(i), Transportation Code, or an evidence of financial responsibility described by Section 601.053 of that code;[7]

(E) an official ballot or other election record; or

(F) the written documentation a mobile food unit is required to obtain under Section 437.0074, Health and Safety Code.

Tex. Penal Code Ann. § 37.01(2)(A)–(F) (emphasis added). The broader language used to define some forms of governmental record—e.g., "anything"—serves to distinguish other, specific forms of governmental record for which the legislature has assigned a higher penalty for tampering in section 37.10(c) and (d). *Compare id.* § 37.01(2), *with id.* § 37.10(c)(2)–(4), (d)(1)–(3).

Based on the statute's plain language and use of the serial comma, as well as reading subsection (c)(2)(A) with the remainder of the statute and other provisions within the same penal code chapter, the use of "license" in the statute is not limited to the education code but rather applies to a government-issued driver's license. *See Lopez v. State*, 25 S.W.3d 926, 929 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (holding that a social security card is a "'certificate issued by the United States,'" under

---

[7]Under section 37.10(d), an offense may be elevated to a Class B misdemeanor or a second- or third-degree felony for tampering with these records if other conditions are met. *See* Tex. Penal Code Ann. § 37.10(d) (referencing governmental records described by section 37.01(2)(D)).

section 37.10(c)(2), making the charged offense a third-degree felony);[8] *see also Ex parte Stratton*, No. WR-89,143-01, 2018 WL 5931388, at *1 (Tex. Crim. App. Nov. 14, 2018) (not designated for publication) (relying on *Lopez* to hold that a social security card is a governmental record under section 37.01(2)(C), making the charged offense a third-degree felony).[9] Accordingly, the indictment charged Hanson with a felony, and the trial court had jurisdiction to hear his case. We overrule Hanson's sole point and affirm the trial court's judgment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

---

[8]Lopez pleaded guilty, pursuant to a plea bargain, to the felony offense of tampering with a governmental record in exchange for 120 days' confinement. 25 S.W.3d at 928. She argued that the charging instrument did not allege a criminal offense because it described conduct that was not an offense under penal code section 37.10 and that, if an offense was charged, it was only a class A misdemeanor, not a felony offense, when it alleged under penal code section 37.10(a)(4) that she had unlawfully, intentionally, and knowingly possessed a governmental record (social security card) with the intent that it be used unlawfully. *Id.* at 929. The court held that because a social security card was a "certificate issued by the United States," it was a "governmental record" under penal code section 37.01(2)(C), making the charged offense a third-degree felony. *Id.*

[9]In *Stratton*, the defendant was charged under penal code section 37.10(a)(4) with possessing a governmental record (social security card) with the intent that it be used unlawfully. 2018 WL 5931388, at *1. The court held that a social security card is a governmental record under penal code section 37.01(2)(C), that the offense was a third-degree felony under penal code section 37.10(c)(2)(A), and that the offense was therefore properly prosecuted as a third-degree felony offense. *Id.* at *1–2. Because the defendant pleaded guilty to a third-degree felony offense, his two-year sentence was therefore within the appropriate punishment range; accordingly, the court denied habeas relief. *Id.* at *2.

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  March 28, 2019